Colleen T. Flaherty No. 327563
**McDOWELL HETHERINGTON LLP**
1055 E. Colorado Boulevard, Suite 500
Pasadena, CA 91106
Telephone:   213.631.4059
Facsimile:   510.628.2146
Email:        colleen.flaherty@mhllp.com

Thomas F.A. Hetherington TX No. 24007359*
Jarrett E. Ganer TX No. 24055520*
Renee T. Wilkerson TX No. 24084097*
Elizabeth P. Wroblewski TX No. 24115966*
**McDOWELL HETHERINGTON LLP**
1001 Fannin Street, Suite 2400
Houston, TX 77002
Telephone:   713.337.5580
Facsimile:   713.337.8850
Email:        tom.hetherington@mhllp.com
              jarrett.ganer@mhllp.com
              renee.wilkerson@mhllp.com
              elizabeth.wroblewski@mhllp.com

*_pro hac vice_ application forthcoming

Attorneys for Defendant
FORESTERS LIFE INSURANCE
AND ANNUITY COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAGDA VELEZ, Individually, and on Behalf of the Class,<br><br>        Plaintiff,<br><br>              v.<br><br>FORESTERS LIFE INSURANCE AND ANNUITY COMPANY, a New York Corporation; and DOES 1 through 10, Inclusive,<br><br>        Defendants. | Case No.<br><br>[State Court Case No. 22STCV34543]<br><br>**NOTICE OF REMOVAL OF ACTION BY DEFENDANT FORESTERS LIFE INSURANCE AND ANNUITY COMPANY**<br><br>**28 U.S.C. §§ 1332(a), 1441, and 1446**<br><br>Complaint Filed:   Oct. 27, 2022<br>Complaint Served:   Nov. 10, 2022<br>Trial Date:        None Set |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, TO PLAINTIFF AND TO PLAINTIFF'S ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Foresters Life Insurance and Annuity Company, now known as Nassau Life Insurance Company (hereinafter "FLIAC"),[1] hereby removes the above-captioned action ("Action") from the Superior Court of California for the County of Los Angeles, where it is currently pending as Case No. 22STCV34543, to the United States District Court for the Central District of California. As set forth below, Defendants have complied with the statutory requirements of removal under 28 U.S.C. §§ 1332, 1441, and 1446, and removal is proper because: (1) the Court has original jurisdiction under the Class Action Fairness Act of 2005, pursuant to 28 U.S.C. §§ 1332(d), 1453, and 1446; and (2) the Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a) and 1441.

## I.    REMOVAL IS TIMELY

1.      On October 27, 2022, Plaintiff commenced this Action against FLIAC by filing a lawsuit in the Superior Court of the State of California for the County of Los Angeles, styled *Magda Velez, Individually, and on Behalf of the Class, Plaintiff vs. Foresters Life Insurance and Annuity Company, a New York Corporation; and Does 1 through 10, Inclusive*, Case No. 22STCV34543 (the "State Court Action"). A copy of the Individual and Class Action Complaint for: (1) Declaratory Relief or Judgement (Cal. Civ. Code § 1060, *et seq.*), (2) Unfair Competition (Cal. Bus. and Prof. Code § 17200, *et seq.*) and Demand for Jury Trial in the State Court Action (hereinafter, the "Complaint" or "Compl.") is attached as **Exhibit A** hereto.

2.      On November 10, 2022, the agent for service of process for FLIAC was served with copies of the Summons and Complaint. A copy of the Summons of Complaint in the

---

[1] As of July 8, 2020, FLIAC was merged into Nassau Life Insurance Company ("Nassau"), with Nassau as the sole surviving company. Thus, Nassau's corporate citizenship is analyzed herein for purposes of removal.

1   State Court Action is attached hereto as **Exhibit B** and a copy of the Proof of Service of

2   Summons is attached hereto as **Exhibit C**.

3       3.      FLIAC files this notice of removal within 30 days of receipt of a copy of the

4   Summons and Complaint.  *See* **Exhibit C**, Proof of Service of Summons.  Thus, this Notice

5   of Removal is timely filed.  *See* 28 U.S.C. § 1446(b)(1) and (c).

6   **II.    THIS COURT HAS JURISDICTION OVER THIS MATTER PURSUANT**

7                **TO THE CLASS ACTION FAIRNESS ACT**

8       4.      A class action may be removed under the Class Action Fairness Act ("CAFA")

9   when: (a) there is minimal diversity (*i.e.*, the citizenship of at least one plaintiff is diverse

10  from the citizenship of at least one defendant); (b) there are at least 100 putative class

11  members; (c) the amount in controversy based upon the class members' aggregated claims

12  exceeds $5,000,000 exclusive of interest and costs; (d) the primary defendants are not states,

13  state officials, or other governmental entities against whom the district court may be

14  prevented from ordering relief; and (e) the 30-day deadline for removal is satisfied.  28

15  U.S.C. §§ 1332(d)(2), 1332(d)(5)(A)–(B), 1446(b).  All of these requirements are met here.

16      **A.   There Is Minimal Diversity Amongst the Parties.**

17      5.      CAFA requires only minimal diversity, and in class action lawsuits, "[t]he

18  district courts shall have original jurisdiction of any civil action in which . . . any member

19  of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. §

20  1332(d)(2)(A).  Diversity of citizenship exists here.

21      6.      Plaintiff is a citizen and resident of the State of California within the meaning

22  and intent of 28 U.S.C. § 1332.  *See* **Exhibit A**, Compl. ¶ 17.

23      7.      Additionally, Plaintiff's proposed class is defined in a way that is limited to

24  policies issued in California:

25          All owners, or beneficiaries upon a death of the insured, of Defendant's

26          individual life insurance policies that were renewed, issued, or delivered by

27          Defendant *in California*, and in force on January 1, 2013, and which

28          underwent or will undergo lapse or termination for the nonpayment of

premium without Defendant first providing all of the notices, grace periods, and offers of designation required by Insurance Code Sections 10113.71 and 10113.72.

*See id.*, at ¶ 53 (emphasis added).  Thus, the potential class members are believed to be citizens of California for diversity purposes.

8.     FLIAC shall be deemed a citizen of the State of New York and the State of Connecticut, because it is a corporation organized under the laws of New York, and has its principal place of business (i.e., its headquarters) located in Connecticut.  *See also* 28 U.S.C. § 1332(c)(1).  FLIAC is incorporated in New York.  A corporation's "principal place of business" refers "to the place where a corporation's officers direct, control, and coordinate the corporation's activities" and "it should normally be the place where the corporation maintains its headquarters . . ." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–3 (2010).  Hartford, Connecticut is the location of FLIAC's headquarters and Connecticut is the location of FLIAC's "nerve center."  Thus, FLIAC is a citizen of New York and Connecticut within the meaning and intent of 28 U.S.C. § 1332.

9.     Accordingly, there is minimal diversity of citizenship between Plaintiff and FLIAC, and the prerequisite of minimal diversity under CAFA is met.

**B.    The Alleged Putative Class Exceeds 100 Members.**

10.     Plaintiff alleges that the putative class "contains hundreds and perhaps thousands of members."  *See* **Exhibit A**, Compl. ¶ 54.  She further alleges that "[t]he members of the Class are so numerous that their individual joinder is impracticable." *See id*.  According to Plaintiff, "[t]here is a well-defined community of interest in the questions and answers of law and fact involved affecting class members," and "[t]he questions and answers of law and fact common to the Class predominate over questions and answers affecting only individual Class members . . ." *See id.*, at ¶ 55.

11.     Because the Complaint clearly pleads that "hundreds" and "perhaps thousands" of individuals purchased or maintained insurance products in California from FLIAC during the putative class period, the size of the putative class well exceeds 100

1    members.  Accordingly, the class size requirements under CAFA are satisfied.

2        **C.   The Amount in Controversy Is at Least $5,000,000.**

3        12.    FLIAC denies all liability alleged in the Complaint and denies that any class

4    should be certified in this Action.  However, if Plaintiff's allegations are accepted as true

5    and damages or restitution were awarded class-wide on Plaintiff's claims as pled, the

6    aggregate amount as to the putative class would exceed $5,000,000, exclusive of interests

7    and costs.

8        13.    A defendant's notice of removal under CAFA "need include only a plausible

9    allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart*

10   *Cherokee Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also Arias v. Residence*

11   *Inn*, 936 F.3d 920, 924 (9th Cir. 2019) ("[W]hen a notice of removal plausibly alleges a

12   basis for federal court jurisdiction, a district court may not remand the case back to state

13   court without first giving the defendant an opportunity to show by a preponderance of the

14   evidence that the jurisdictional requirements are satisfied.").  Evidence establishing the

15   amount in controversy is only required once the plaintiff challenges or the court questions

16   the defendant's allegation.  *Id*.[2]

17       14.    "[T]he amount in controversy is determined by the complaint operative at the

18   time of removal and encompasses all relief a court may grant on that complaint if the

19   plaintiff is victorious."  *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th

20   Cir. 2018).  The Complaint therefore is necessarily reviewed by the Court to ascertain the

21   amount in controversy.  *See LaCrosse*, 775 F.3d at 1202.

22       15.    Plaintiff's Complaint asserts claims against FLIAC for Declaratory Judgement

23   or Relief pursuant to California Civil Code § 1060, *et seq*. and Unfair Competition pursuant

24   to California Business and Professions Code § 17200, *et seq*.  *See id*. at ¶¶ 63–77, 78–92.

25   Plaintiff's Complaint alleges that she suffered "the wrongful and continued repudiation of

26

27   [2] FLIAC's statement of the amount at issue in this removal is solely for purposes of
     establishing subject matter jurisdiction under CAFA.  This statement should not be used as
28   an admission and cannot be used to support damages for any other purpose in this case.  *See*
     *LaCrosse v. Knight Truck and Trailer Sales, LLC*, 775 F.3d 1200, 1203 (9th Cir. 2015).

[her] valuable life insurance [policy]," and that she is entitled to "recover for injuries and damages and/or for the Court to fashion appropriate remedies necessary," which includes the reinstatement of Plaintiff's Policy. *See id.* at ¶¶ 15–16, 41–50 and the Prayer for Relief pp. 23.

16.     While Plaintiff, on behalf of the putative class, does not quantify an exact amount she contends is in controversy in this lawsuit, she seeks, as part of the class declaratory judgement or relief for alleged wrongful lapses or terminations of insurance policies, recovery of the benefits she contends are or will become due to members of the putative class as a remedy for the allegedly wrongful lapses or terminations. *See id.* at ¶¶ 51–62.[3]

17.     For the limited purpose of determining whether an action satisfies the federal amount in controversy requirement, "[t]he amount in controversy in cases dealing with life insurance policies necessarily is the face amount of the policy." *Jefferson v. Liverpool & London Globe Ins. Co.*, 167 F. Supp. 389, 392 (S.D. Cal. 1958) (holding that, with respect to disputes involving the cancelation of an insurance policy, "[t]he criterion for ascertaining the existence of our monetary jurisdiction in cases where the *validity* of a life policy is at issue is, therefore, properly the face amount of the policy.") (emphasis added); *Elhouty v. Lincoln Benefit Life Co.*, 886 F.3d 752, 756 (9th Cir. 2018) ("[I]t is long-established that in declaratory judgment actions about whether an insurance policy is in effect or has been terminated, the policy's face amount is the measure of the amount in controversy."); *Sandstrom v. Protective Life Ins., Co.*, No. CV 13-1002-JFW (OPx), 2013 WL 12123308, at *2 (C.D. Cal. Mar. 14, 2013) ("The criterion for ascertaining the existence of our monetary jurisdiction in cases where the validity of a life policy is at issue is, therefore, properly the face amount of the policy.").

18.     As to the allegations above, FLIAC's records indicate that the face value of

---

[3] In California, the measure of damages for a material breach of an insurance policy is the "sum or sums payable in the manner and at the times as provided in the policy to person entitled thereto." *See* Cal. Ins. Code § 10111.

the individual insurance policies issued by FLIAC that lapsed or terminated within the nine-year period prior to Plaintiff's filing of the Complaint (January 1, 2013 to October 27, 2022) that have not been reinstated is in excess of $5,000,000.  *See* Declaration of Jarrett E. Ganer, ¶ 3.  The face value is the maximum death benefit payable upon the death of the insured. *Id*.  Thus, the alleged amount in controversy in the aggregate well exceeds the amount in controversy threshold under CAFA.

19.    Accordingly, all prerequisites under CAFA are met, and this case is properly removable.

## III.    THIS COURT HAS DIVERSITY JURISDICTION OVER THIS MATTER

19.    Additionally, the State Court Action is properly removable to this Court under 28 U.S.C. § 1441 and 28 U.S.C. § 1332(a), because the State Court Action was filed in Los Angeles County Superior Court, is between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### A.    There Is Diversity Amongst the Parties.

20.    Plaintiff is a citizen and resident of the State of California within the meaning and intent of 28 U.S.C. § 1332.  *See* **Exhibit A**, Compl. ¶ 17.  Based on the allegations in the Complaint, Plaintiff's place of domicile is California.

21.    FLIAC shall be deemed a citizen of the State of New York and the State of Connecticut, because it is a corporation organized under the laws of New York, and has its principal place of business (i.e., its headquarters) located in Connecticut.  *See also* 28 U.S.C. § 1332(c)(1).  FLIAC is incorporated in New York.  A corporation's "principal place of business" refers "to the place where a corporation's officers direct, control, and coordinate the corporation's activities" and "it should normally be the place where the corporation maintains its headquarters . . ." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–3 (2010).  Hartford, Connecticut is the location of FLIAC's headquarters and Connecticut is the location of FLIAC's "nerve center."  Thus, FLIAC is a citizen of New York and Connecticut within the meaning and intent of 28 U.S.C. § 1332.

22.    Therefore, and as set forth above, complete diversity among the parties not

1    only exists now, but also existed at the time of the filing of the State Court Action on

2    October 27, 2022.

3    **B.    The $75,000 Jurisdictional Minimum Amount in Controversy Is Satisfied.**

4    23.    Based on the allegations in the Complaint and the case law discussed below,

5    the jurisdictional minimum required by 28 U.S.C. § 1332(a) of $75,000 also is satisfied.

6    24.    This case arises from the termination of Plaintiff's life insurance policy, which

7    was designated as Policy No. 686834 ("Policy") issued by First Investors Life Insurance

8    Company, insuring Plaintiff's life in the amount of $400,000.  *See* **Exhibit A**, Compl. ¶ 42.

9    Plaintiff alleges that the Policy lapsed in or around November 2018 due to failure to pay the

10   premium.  Plaintiff subsequently applied for reinstatement of the Policy, which was denied.

11   *See id*. at ¶ 46.  Thereafter, Plaintiff filed this Action.  *See id*. at ¶ 45.  In her Complaint,

12   Plaintiff asserts individual claims for Declaratory Judgement or Relief pursuant to

13   California Civil Code § 1060, *et seq*. and Unfair Competition pursuant to California

14   Business and Professions Code § 17200, *et seq*. claims for relief against FLIAC.  *See id*. at

15   ¶¶ 63–77, 78–92.  Plaintiff's Complaint alleges that she suffered "the wrongful and

16   continued repudiation of [her] valuable life insurance [policy]," and that she is entitled to

17   "recover for injuries and damages and/or for the Court to fashion appropriate remedies

18   necessary," which includes the reinstatement of Plaintiff's Policy.  *See id*. at ¶¶ 15–16, 41–

19   50 and the Prayer for Relief pp. 23.

20   25.    In the Complaint, Plaintiff also alleges an entitlement for class certification; a

21   declaration of Plaintiff's and Class's rights and that FLIAC violated the applicable statutes;

22   an injunction, including public injunctive relief; interest where available; attorney's fees;

23   and costs of suit.  *See id*. at the Prayer for Relief pp. 23.

24   26.    The jurisdictional minimum required by 28 U.S.C. § 1332(a) may be satisfied

25   by claims for special and general damages and attorneys' fees.  *See Cucci v. Edwards*, 510

26   F. Supp. 2d 479, 485 (C.D. Cal. 2007) ("[t]he jurisdictional minimum may be satisfied by

27   claims for special and general damages, attorneys' fees and punitive damages"); *Rile v.*

28   *STRS Ohio CA Real Estate Inv. 1, LLC*, No. 09-05634 CW, 2010 WL 1838965 at *2 (N.D.

Cal. May 3, 2010) ("A court can consider punitive damages in calculating the amount in controversy") (citation omitted).

27.     Further, "[t]he amount in controversy in cases dealing with life insurance policies necessarily is the face amount of the policy." *Jefferson*, 167 F. Supp. at 392; *Elhouty*, 886 F.3d at 756 ("[I]t is long-established that in declaratory judgment actions about whether an insurance policy is in effect or has been terminated, the policy's face amount is the measure of the amount in controversy."); *Sandstrom*, 2013 WL 12123308, at *2 ("The criterion for ascertaining the existence of our monetary jurisdiction in cases where the validity of a life policy is at issue is, therefore, properly the face amount of the policy.").

28.     In this case, it is facially evident from the Complaint that the amount in controversy exceeds $75,000, exclusive interest and costs. *See* **Exhibit A**, Compl. ¶ 42.

## IV.    VENUE

29.     Venue lies in the United States District Court for the Central District of California under 28 U.S.C. §§ 1391(b) and 1441(a).  Under 28 U.S.C. § 1441(a), this case may be properly removed to the Central District of California because Plaintiff filed this case in the California Superior Court for the County of Los Angeles.  Plaintiff also alleges this Action arose in the State of California, as well as the relevant life insurance policies being issued and/or delivered in the State of California.  *See* **Exhibit A**, Compl. ¶¶ 22–27.

## V.    ADOPTION AND RESERVATION OF DEFENSES

30.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment by FLIAC of any right to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join indispensable parties; (8) any other pertinent defense available under state law or Federal Rule of Civil Procedure 12, any state or federal statute, or otherwise; or (9) arbitration.

31.     FLIAC reserves the right to supplement this notice by adding any jurisdictional defenses which may independently support a basis for removal.

## VI.    CONSENT TO REMOVAL

32.    No consent to removal is necessary as FLIAC is the only named defendant in this lawsuit.

## VII.    EXHIBITS TO NOTICE OF REMOVAL

33.    True and correct copies of all pleadings and documents previously filed in the State Court Action are attached to this Notice of Removal as correspondingly numbered exhibits:

| Exhibit | Document Description |
|---------|---------------------|
| A. | Complaint |
| B. | Summons of Complaint |
| C. | Proof of Service of Summons |
| D. | Civil Case Cover Sheet Addendum and Statement of Location |
| E. | Alternate Dispute Resolution (ADR) Information Package |
| F. | First Amended General Order re E-Filing |
| G. | Voluntary Efficient Litigation Stipulations Packet |
| H. | Notice of Case Assignment |
| I. | Notice of Appearance of Attorney Sarah Ball |
| J. | Initial Status Conference Order |
| K. | Minute Order re Complex Designation |
| L. | Certificate of Mailing |

34.    As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of California for the County of Los Angeles, and written notice of the filing of this Notice of Removal will be given to counsel for Plaintiff.

## VIII.   CONCLUSION

WHEREFORE, Defendant Foresters Life Insurance and Annuity Company requests that the action now pending in the Superior Court of California, County of Los Angeles be removed to this Court and that this Court accept this Notice of Removal for filing in accordance with the provisions of 28 U.S.C. §§ 1332, 1441 and 1446.

In the event this Court has a question regarding the propriety of this Notice, FLIAC requests the Court set an evidentiary hearing so that FLIAC may have an opportunity to more fully brief the Court on the basis for this removal.

Dated: December 9, 2022                    McDOWELL HETHERINGTON LLP


By: _____
Colleen T. Flaherty

Thomas F.A. Hetherington*
Jarrett E. Ganer*
Renee T. Wilkerson*
Elizabeth P. Wroblewski*

*_pro hac vice_ applications forthcoming

Attorneys for Defendant
FORESTERS LIFE INSURANCE
AND ANNUITY COMPANY

# Exhibit A

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: William Highberger

Electronically FILED by Superior Court of California, County of Los Angeles on 10/27/2022 05:55 PM Sherri R. Carter, Executive Officer/Clerk of Court, by G. Carini,Deputy Clerk

**WINTERS & ASSOCIATES**
Jack B. Winters, Jr. (SBN 82998)
Sarah Ball (SBN 292337)
8489 La Mesa Boulevard
La Mesa, California 91942
Tel: (619) 234-9000
Fax: (619) 750-0413
Email: jackbwinters@earthlink.net
Email: sball@einsurelaw.com

**NICHOLAS & TOMASEVIC, LLP**
Craig M. Nicholas (SBN 178444)
Alex Tomasevic (SBN 245598)
225 Broadway, 19th Floor
San Diego, California 92101
Tel: (619) 325-0492
Fax: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: atomasevic@nicholaslaw.org

Attorneys for Plaintiff
MAGDA VELEZ, Individually, and
on Behalf of the Class

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, GENERAL UNLIMITED

| | |
|---|---|
| MAGDA VELEZ, Individually, and on Behalf of the Class,<br><br>Plaintiff,<br><br>vs.<br><br>FORESTERS LIFE INSURANCE AND ANNUITY COMPANY, a New York Corporation; and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No.: 22STCV34543<br><br>**INDIVIDUAL AND CLASS ACTION COMPLAINT FOR:**<br><br>**(1) DECLARATORY RELIEF OR JUDGMENT (CAL. CIV. CODE § 1060, _ET SEQ._)**<br><br>**(2) UNFAIR COMPETITION (CAL. BUS. AND PROF. CODE § 17200, _ET SEQ._)**<br><br>**AND DEMAND FOR JURY TRIAL** |

Plaintiff MAGDA VELEZ, Individually, and on Behalf of the Class, and as defined below, makes the following allegations against Defendants FORESTERS LIFE INSURANCE AND ANNUITY COMPANY, a New York Corporation ("Forester"), and DOES 1 through 10, as follows:

///

---

INDIVIDUAL AND CLASS ACTION COMPLAINT; AND DEMAND FOR JURY TRIAL

# I.    NATURE OF THE CASE

1.    Since January of 2013, Foresters has wrongfully terminated thousands of life insurance policies in violation of California law. The unlawful activity continues to this day. Plaintiff and the Class of Foresters policy holders and vested beneficiaries are victims of Foresters' ongoing unlawful practices.

2.    Since January 1, 2013, every life insurer doing business in California, before it can lawfully lapse or terminate a life insurance policy for nonpayment of premium, must strictly comply with the notice and grace period provisions found in California Insurance Code Sections 10113.71 and 10113.72 ("the Statutes"), as well as existing in California common law. There are no exceptions. The legal requirements of the Statutes are simple.

3.    First, every life insurance policy must "contain" and actually grant a 60-day grace period. This means a 60-day grace period must be actually written and contained in the terms of the contract of insurance provided to the policy owner. During this time, premiums received must be accepted without condition and the policy owner and the insurer may not declare the policy lapsed or terminated. Should the insured die during the grace period, the insurer must pay the policy benefits.

4.    Second, the Statutes mandate that no policy may lapse or be terminated until and unless, after a payment is due and is unpaid, the insurer mails a 30-day warning notice, not only to the policy owner, but also to any assignee, any person with interest in the policy, and a designee selected by the policy owner to receive such notice. The notice may only be mailed after the initial premium is due and is unpaid and must be an accurate description of the status of the policy.

5.    Next, every "applicant" for life insurance must be notified of its right to designate an individual to receive the 30-day notices provided by the Statutes prior to the issuance and delivery of the policy. This notice must then be provided annually to the policy owner. An "applicant" for life insurance means any form of applicant, including "applicants" for reinstatement, conversion, or any modification or change

1  in the contract.

2      6.    Finally, under the terms of the Statutes, no insurer may lapse or

3  terminate a life insurance policy for nonpayment without first strictly complying with

4  all these provisions. Failure to comply with all these notice provisions voids any

5  attempted termination or lapse as a matter of law until and unless there has been

6  compliance. None of these requirements are satisfied by substantial performance, nor

7  are they excused by the conduct of the policy owner or the alleged subjective intent

8  of the policy owner. These are mandates and, absent compliance with each and every

9  provision, no lawful termination of a life insurance policy occurs until and unless the

10  provisions are fully and strictly satisfied.

11      7.    Since January 1, 2013, Foresters has systematically and purposely failed

12  to provide full 60-day grace periods, proper notices of pending lapse or termination,

13  or inform applicants and policy owners of their right to designate a third party to

14  receive notices of lapse. Further, in evaluating terminations arising from nonpayment

15  of premium after January 1, 2013, Foresters has failed to apply these rules and

16  undertakes no evaluation of its own compliance. This specific failure to comply is

17  universal and implicates policies issued before the date of the Statutes' enactment

18  (January 1, 2013).

19      8.    Foresters has also intentionally concealed from its policy owners and

20  beneficiaries and other persons and entities with interest in its life insurance products,

21  the existence of these mandatory rules and procedures and the rights they guarantee—

22  rights about which Foresters would rather its customers and claimants not know. This

23  concealment, scheme, and plan by Foresters is intentional, as is Foresters' complete

24  disregard for the statutory mandates of California.

25      9.    Moreover, since January 1, 2013, Foresters has become aware of its

26  failures and has failed to take the appropriate corrective action. Instead, Foresters

27  appears to have doubled down and made the decision to ignore the law, ignore court

28  rulings, and deal with the occasional complaint without regard to its obligation to

apply these rules properly and completely to all of its varied life insurance products utilized in this state.

10.    Foresters' continued disregard for the law is widespread. Indeed, thousands of policy owners have lost and continue to lose the benefit, value, and security of their life insurance; have been and continue to be forced into unnecessary reinstatements; and in many instances have lost all reasonable access to any insurance at all. Ultimately, Defendant has robbed thousands of its beneficiaries of policy benefits and thousands of insureds of the ability to have life insurance protection.

11.    The injury to Foresters' customers and vested beneficiaries continues today, with policy owners currently paying unnecessary or inflated premiums or unknowingly suffering from improper, forced "reinstatements" which diminish the value of the policies. And Foresters has told numerous policy owners that they have no insurance, although their policies, unbeknownst to the policy owners, are still in force. All share the same harm and injury--an unlawfully terminated policy. Today these people, their heirs, beneficiaries, and others with interest likely believe that the defaulting party to these policies is the policy owner, when, in fact, the only party in default and the only party which disavowed and repudiated the policy was Foresters. Beneficiaries who do make claims are having these claims denied on the false assertion that the policy was terminated when, in fact, benefits are owed. Most actual vested beneficiaries do not even know that they have rights under a policy illegally terminated, which still requires payment of the benefits.

12.    The mandates of California law and the California Insurance Code were established to protect all Californians and others, primarily seniors and the ill, and apply regardless of the date of the policy's issuance. *McHugh v. Protective Life Ins. Co.* (2021) 12 Cal.5th 213.[1]

---

[1]    Recently, the Ninth Circuit upheld a decision by the district court concluding that failure to strictly comply with the provisions of Insurance Code Sections 10113.71 and 10113.72 does not legally terminate a life insurance policy purportedly in default and, that if a death of an insured occurs, policy benefits are owed. *Thomas v. State Farm Life Ins. Co.,* No. 20-55231, 2021 U.S. App. LEXIS 30035 (9th Cir.

4

13.     Foresters' conduct and failure to comply with the Statutes is intended to take advantage of the people for whose benefit the Statutes were passed. Foresters intentionally increased the likelihood of forfeitures, which allowed Foresters to gain financially at the expense of its customers.

14.     Plaintiff is a victim of Foresters' past and continual failure to appreciate the importance and mandates of the Statutes and to disclose those mandates to its policy owners. Sometime in November of 2018, Foresters wrongfully terminated Plaintiff's policy without providing all of the Statutes' protections.

15.     In sum, Plaintiff suffered the common single harm suffered by all of the class members—the wrongful and continued repudiation of their valuable life insurance policies. Plaintiff's experience is not unique and is suffered by the Class as a whole.

16.     Plaintiff brings this action to recover for the injuries and damages and/or for the Court to fashion appropriate remedies necessary and resulting from these violations, not only for her benefit, but also on behalf of the numerous California policy owners and beneficiaries who have also been denied and continue to be denied the benefits of California law. Plaintiff also requests injunctive relief intended to ensure Foresters' future compliance with these important consumer safeguards and to prevent ongoing violations of these important Statutes.

## II.  PARTIES

17.     Plaintiff MAGDA VELEZ, Individually, and on Behalf of the Class, is an individual and the insured and owner of the subject policy. Plaintiff is and has been a resident and citizen of Los Angeles County, California, at all times relevant. Plaintiff pursues these claims and causes of action individually, on her own behalf as the policy owner, and on behalf of the Class.

_____

Oct. 6, 2021). *See also Bentley v. United of Omaha Life Ins. Co.,* No. 2:15-cv-07870-DMG (AJWx), 2018 U.S. Dist. LEXIS 117107  (C.D. Cal. May 1, 2018).

INDIVIDUAL AND CLASS ACTION COMPLAINT; AND DEMAND FOR JURY TRIAL

19. Defendant Foresters is an New York corporation engaged in business involving the sale and administration of life insurance throughout the United States and other territories. Foresters is licensed to conduct business and does business throughout California. Foresters is a licensed/chartered life insurance carrier in California and is subject to regulation by California authorities.

20. Defendants DOES 1 through 10, inclusive, are various forms of insurance companies, agents, brokers, or other entities engaged in and operating in conjunction with Foresters in a manner and fashion unknown to Plaintiff at this time, so as to cause and/or contribute to the injuries and allegations herein described.

21. Plaintiff is informed and believes, and on that basis alleges, that now and at all times relevant, each Defendant was and is the agent, employee, employer, servant, representative, partner, and/or co-venturer of each of the other Defendants, and was acting and is acting within the scope of such authority and relationship and with the knowledge, approval, consent, and ratification of the other Defendants, as applicable, in each of the transactions, events, or other matters herein described.

## III. JURISDICTION

22. This is a civil matter of which this Court has jurisdiction. This action arose in the state of California and exclusively involves application of laws of the state of California, as well as life insurance policies issued or delivered in California.

23. Plaintiff is informed and believes that the controversy at issue solely involves a dispute confined to the state of California, its laws, and the ultimate jurisdiction of the courts of California.

24. Plaintiff is informed and believes that all injuries and damages arose primarily in the state of California and all related conduct of the Defendants occurred solely within the state of California.

25. Defendant Foresters is authorized to conduct business in this state and has intentionally availed itself of the laws and markets within this state and does substantial business in this state. The business and activities, which are the subject of

INDIVIDUAL AND CLASS ACTION COMPLAINT; AND DEMAND FOR JURY TRIAL

this litigation, are being conducted throughout the state in each and every county on a uniform and consistent basis. Plaintiff is informed and believes that Foresters itself treats all policy owners, beneficiaries, agents, producers, or others living or located in California, as being regulated and governed by the same uniform statewide policies and procedures. Foresters' business within this state is substantial and consists of the marketing, sale, delivery, maintenance, and administration of thousands of life insurance policies, representing billions of dollars in benefits, as well as the maintenance of dozens of sales and agent offices.

26.    Foresters advertises throughout California, including throughout this county, and conducts significant sales and related business activities in California and in this county, in general, as well as specifically regarding the marketing, sale, and administration of life insurance policies.

27.    Plaintiff is informed and believes that Foresters, consistent with industry standards for insurance companies doing business in numerous jurisdictions, utilizes the addresses of policy owners as a determining factor of what law to apply to the administration of the policy. As such, Foresters treats policy owners residing in California as requiring application of California law and Foresters, furthermore, acknowledges its capacity to be sued in California counties in which it is involved in business. Foresters has developed and continues to develop and apply not only marketing strategies, but administration strategies, specifically, in relation to actual or potential policy owners residing in California. Foresters' wrongful conduct has occurred in this county and throughout the state of California. Since 2013, the wrongful conduct alleged throughout this Complaint has occurred within California.

## IV.  THE ENACTMENT AND APPLICABILITY OF
## INSURANCE CODE SECTIONS 10113.71 AND 10113.72

28.    In 2012, after extensive and open hearings and public consideration, including with Foresters all other major insurance companies doing business in California, the California Legislature enacted Insurance Code Sections 10113.71 and

7

10113.72 (hereinafter the "Statutes"), which instituted procedural requirements for the termination and lapse of life insurance policies. The Statutes were written to avoid unintended forfeiture of life insurance policies, primarily being suffered by the elderly and the ill. The Legislature found there was a significant problem in California with the elderly abruptly losing insurance because they happened to miss a premium payment, despite having faithfully and timely paid for many years. But the Statutes were nonetheless also designed to apply to all forms of life insurance.

29.    Sections 10113.71 and 10113.72, in addition to other statutory provisions and laws in effect as of January 1, 2013, mandate that every life insurance policy in or governed by California law, including policies that have issued, been delivered, renewed, reinstated, converted, or otherwise become subject to the jurisdiction of California, shall contain a 60-day grace period and that the policy shall remain in force during the grace period. Cal. Ins. Code § 10113.71(a).

30.    The provisions further require that, before any individual life insurance policy governed by California law is lapsed or terminated for nonpayment of premium, a 30-day written notice of pending lapse or termination must be mailed, not only to the policy owner, but also to any additional person who has been designated to receive such notice, as well as to any person having any interest in the policy. Cal. Ins. Code § 10113.72(c).

31.    The provisions also mandate that the insurer, on an annual basis, as well as during any application process, notify the policy owner of his or her right to designate additional notice recipients. This again is an obligation owed on any policy within the jurisdiction of California.

32.    Finally, the Statutes mandate that no lapse or termination is effective unless all of the applicable provisions are strictly complied with. The Statutes codified existing California law on strict compliance with forfeiture provisions.

33.    The provisions are applicable individually and severally to all life insurance policies governed by California law.

8

INDIVIDUAL AND CLASS ACTION COMPLAINT; AND DEMAND FOR JURY TRIAL

34.   More specifically, Section 10113.71 originally reads as follows:

### § 10113.71 Grace Period; Notice of pending lapse and termination of policy; Mailing requirement

(a)  Each life insurance policy issued or delivered in this state shall contain a provision for a grace period of not less than 60 days from the premium due date. The 60-day grace period shall not run concurrently with the period of paid coverage. The provision shall provide that the policy shall remain in force during the grace period.

(b) (1) A notice of pending lapse and termination of a life insurance policy shall not be effective unless mailed by the insurer to the named policy owner, a designee named pursuant to Section 10113.72 for an individual life insurance policy, and a known assignee or other person having an interest in the individual life insurance policy, at least 30 days prior to the effective date of termination if termination is for nonpayment of premium.

(2) This subdivision shall not apply to nonrenewal.

(3) Notice shall be given to the policy owner and to the designee by first-class United States mail within 30 days after a premium is due and unpaid. However, notices made to assignees pursuant to this section may be done electronically with the consent of the assignee.

(c) For purposes of this section, a life insurance policy includes, but is not limited to, an individual life insurance policy and a group life insurance policy, except where otherwise provided.

Next, Section 10113.72 states:

### § 10113.72 Right to designate person to receive notice of lapse or termination of policy for nonpayment of premium; Right to change designation; Notice of lapse or termination

(a) An individual life insurance policy shall not be issued or delivered in this state until the applicant has been given the right to designate at least one person, in addition to the applicant, to receive notice of lapse or termination of a policy for nonpayment of premium. The insurer shall provide each applicant with a form to make the designation. That form shall provide the opportunity for the applicant to submit the name, address, and telephone number of at least one person, in addition to the applicant, who is to receive notice of lapse or termination of the policy for nonpayment of premium.

(b)  The  insurer  shall  notify  the  policy  owner

9
INDIVIDUAL AND CLASS ACTION COMPLAINT; AND DEMAND FOR JURY TRIAL

annually of the right to change the written designation or designate one or more persons. The policy owner may change the designation more often if he or she chooses to do so.

(c) No individual life insurance policy shall lapse or be terminated for nonpayment of premium unless the insurer, at least 30 days prior to the effective date of the lapse or termination, gives notice to the policy owner and to the person or persons designated pursuant to subdivision (a), at the address provided by the policy owner for purposes of receiving notice of lapse or termination. Notice shall be given by first-class United States mail within 30 days after a premium is due and unpaid.

35.    These provisions were intended to standardize the procedures and notices used by life insurers to terminate policies. The Statutes further codified longstanding California law and policy regarding the state's desire to protect policy owners and beneficiaries from loss of insurance resulting from the failure, *e.g.*, to pay a single premium after years of timely payments.

## V. <u>FORESTERS' VIOLATIONS OF LAW</u>

36.    In 2012, Defendant was made fully aware of the drafting and enactment of these provisions. And through its own lobbying groups and regulatory advisors, Defendant understood how and in what fashion the Statutes would apply. Prior to enactment, Defendant made no attempt to object to the enactment of the Statutes, which are the subject of this litigation.

37.    Despite early knowledge of the Statutes and their mandates, since January 1, 2013, Defendant has also failed to fully comply with the Statutes. Foresters has treated policies differently based on their date of issuance and the type of policy.

38.    Specifically, Foresters has not strictly complied with the Statutes regarding policies issued or delivered in the state of California prior to January 1, 2013. Specifically, Foresters' violations and failures to comply with the Statutes has included:

i.    Failing to provide full 60-day grace periods contained in the

policy by either not actually attaching or making the grace period a physical part of the policy, improperly advising policy owners and/or claimants of the wrong grace period, not accepting premiums without conditions during the grace period or inaccurately declaring a policy terminated prior to the expiration of the grace period, which amounts to a repudiation of the policy;

ii.   Failing to mail accurate 30-day pending lapse notices to the policy owner and/or designee either by inaccurately describing the actual grace period, by failing to mail to those recipients the notices required by law, and/or by providing insufficient time periods, as required by law;

iii.   Failing to provide annual notifications to policy owners of their rights to designate;

iv.   Failing to apply the mandates of the Statutes as an absolute condition for termination of any policy for nonpayment of premium and instead excusing noncompliance based on the inaccurate perceived fault of the policy owner or other irrelevant grounds or justification;

v.   By treating policy owners directly and indirectly as if they are in default for payment of premiums, when, in fact, in every instance, Foresters first violated the terms of the policy and/or Statutes prior to any actual default by any policy owner;

vi.   By attempting to impose new conditions on terminated policies, including the demand for repayment of unearned premiums, as well as ignoring the consequences of noncompliance with the Statutes; and/or

vii.   By other acts by which the mandates of the Statutes are not

11

INDIVIDUAL AND CLASS ACTION COMPLAINT; AND DEMAND FOR JURY TRIAL

being strictly complied with.

39.     Foresters has been aware, since 2013, that all of its policies administered in the state of California and in force after January 1, 2013, were to be administered consistent with these provisions. However, Foresters has acted in contravention and in violation of various Insurance Code provisions, other than the Statutes, including regulatory mandates and the implied covenant of good faith and fair dealing implied in every insurance contract in California.

40.     Finally, Plaintiff is informed and believes Foresters has failed to institute appropriate training and education of its sales and underwriting staff, as well as its claims personnel and others, whose knowledge of these rules is essential for Foresters' operation. Plaintiff is informed and believes that additional violations of the Statutes have also occurred, which will be disclosed during this litigation.

## VI.  PLAINTIFF'S POLICY, LAPSE, TERMINATION, AND DENIAL OF REINSTATEMENT

41.     Plaintiff's experience with Foresters is representative of Foresters' ongoing course of misconduct and noncompliance.

42.     In June of 2010, Magda Velez purchased a Level Term Life Insurance Policy in California from First Investors Life Insurance Company, Policy No. 686834, insuring her life in the amount of $400,000.  A copy of what is in the possession of Plaintiff and which Plaintiff believes is the entire policy is attached hereto and incorporated by reference herein as **Exhibit "A."** At the time of issuance, the primary beneficiary was Ricardo Rosas, Jr., Plaintiff's son. Subsequent to issuance, Defendant Foresters took over all responsibility for the policy.

43.     The policy was initially issued and then delivered in the state in 2010. The policy had a planned monthly premium of $56.60, and contains a provision stating "A Grace Period of 31 days will be allowed for payment of each premium due after the first. This Policy will continue in force during the Grace Period." **Exhibit "A."** No other grace period is specified.

INDIVIDUAL AND CLASS ACTION COMPLAINT; AND DEMAND FOR JURY TRIAL

44.   Ms. Velez paid the premiums monthly from 2010 until October of 2018, through an automatic withdrawal taken by Foresters from her account. Sometime in 2018, Ms. Velez' account was compromised as a result of the theft of her checkbook, and her bank closed the account. Plaintiff is informed and believes that, as a result of the closing of her account, the automatic payment Foresters attempted to withdraw in November of 2018 did not go through.

45.   Ms. Velez is not certain of the date Defendant claims the policy lapsed, but believes it was sometime in November of 2018. Shortly thereafter, Ms. Velez became aware the policy had lapsed and reached out to Foresters. Foresters informed Ms. Velez that she would be required to apply for reinstatement, but that it was just a formality and her policy would certainly be reinstated.

46.   Subsequently, Ms. Velez applied for reinstatement, including providing medical releases. Sometime later, Foresters informed Ms. Velez that her application for reinstatement had been denied due to her medical history.

47.   As of the date of Mr. Velez's denial of reinstatement, Foresters had violated every single provision of the Statutes. Initially, prior to discovery and investigation, it appears Foresters violated at the least Ins. Code Section 10113.72(b) by not annually notifying her of a right to designate. Foresters terminated the policy without compliance with the provisions of Ins. Code Section 10113.71(a), which mandated a 60-day grace period. Foresters also failed to provide notices, as required by Ins. Code Sections 10113.71(b)(1) and (3). No notice was sent to the policy owner and no notice was sent to the designee due to Foresters' previous violations of failure to provide the right to designate during the years the policy was in force after 2013. See Ins. Code Section 10113.72(b). Foresters then proceeded to violate Insurance Code Sections 10113.71 and 10113.72, when claiming that the policy had terminated. In fact, under the provisions of Sections 10113.71(b)(1) and 10113.72(b), no legal termination had occurred. Foresters never complied with the strict compliance aspects of the Statutes in any respect.

INDIVIDUAL AND CLASS ACTION COMPLAINT; AND DEMAND FOR JURY TRIAL

48.   All these violations occurred prior to Ms. Velez even reaching the end of the statutory and contractual grace period. Ms. Velez had done nothing contrary to the terms of the policy, but was being dealt with as the party in default.

49.   Plaintiff is further informed and believes that, irrespective of the application of the provisions of Sections 10113.71 and 10113.72, Foresters systematically failed to comply with the express terms of the policy, which promised a default notice prior to terminating the policy at the end of the grace period.

50.   Each of Defendant's violations was a material violation of law and a material breach and repudiation of the policy, thereby excusing any further performance by Ms. Velez of tendering premiums to maintain the policy in force or imposing any requirements or conditions. Foresters was in contractual breach and remained in breach of the policy at all times from at least January 1, 2013, until the date of this filing. As a result of each and every violation, there was harm and injury to Ms. Velez.

## VII.  CLASS ACTION ALLEGATIONS

51.   Plaintiff is informed and believes Defendant has not, since at least January 1, 2013, properly and fully complied with the provisions of Insurance Code Sections 10113.71 and/or 10113.72. Since that time, Defendant has failed and continues to fail to provide these protections to policy owners and their beneficiaries.

52.   Plaintiff brings this action on behalf of all members of the proposed Class, as follows:

**The Class:**

53.   All owners, or beneficiaries upon a death of the insured, of Defendant's individual life insurance policies that were renewed, issued, or delivered by Defendant in California, and in force on January 1, 2013, and which underwent or will undergo lapse or termination for the nonpayment of premium without Defendant first providing all of the notices, grace periods, and offers of designation required by Insurance Code Sections 10113.71 and 10113.72.

54. ***Numerosity.*** The members of the Class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes, and on that basis alleges, that the proposed Class contains hundreds and perhaps thousands of members. The true number of members is known or ascertainable by the Defendant, as are their identities. Thus, Class members may likely be notified of the pendency of this action by first class mail, electronic mail, and/or by published notice.

55. ***Existence and Predominance of Common Questions and Answers of Law and Fact***. There is a well-defined community of interest in the questions and answers of law and fact involved affecting class members. The questions and answers of law and fact common to the Class predominate over questions and answers affecting only individual Class members, including, but not limited to, the following:

a. Has Defendant violated and continued to violate the provisions of Sections 10113.71 and 10113.72?;

b. Is Defendant continuing to refuse to provide the protections afforded by the provisions of Sections 10113.71 and 10113.72?;

c. Whether Defendant's life insurance policies have been ineffectively lapsed or terminated or subsequently been unnecessarily modified through reinstatement;

d. Should the Court invalidate improper lapses, terminations, and/or reinstatements of policies that resulted from Defendant's failure to comply with the Insurance Code?; and

e. Should Defendant be required to make payments to beneficiaries of policies where the insured has died and the policy was lapsed or terminated in violation of Sections 10113.71 or 10113.72?

56. ***Typicality.*** Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and each member of the Class were victims of the same statutory violations. Further, Plaintiff's claims are typical of the claims of her fellow Class members, which all arise from the same operative facts involving the

15
INDIVIDUAL AND CLASS ACTION COMPLAINT; AND DEMAND FOR JURY TRIAL

Defendant's unlawful violations of Sections 10113.71 and 10113.72.

57.   ***Adequacy of Representation.***  Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel highly experienced in handling class action litigation, including that which involves consumer protection from unfair insurance business practices, and Plaintiff intends to prosecute this action vigorously. Plaintiff has no interest adverse or antagonistic to that of the Class.

58.   ***Superiority***.  A class action is a superior method for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class members are relatively small compared to the burden and expense that would be expended by individual litigation of their claims against Defendant. It would thus be virtually impossible for Class members, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if Class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. The class action device provides the benefit of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances. Moreover, many Class members remain unaware of their rights and, without this Class action, would remain unaware of their rights and benefits.

59.   In the alternative, the Class may also be certified because:

(a)   The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class members that would establish incompatible standards of conduct for Defendant;

(b)   The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a

practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests; and/or

(c)    Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

60.    Unless the Class is certified, Defendant will retain monies received because of its conduct taken against the Class members and Plaintiff. Unless a classwide injunction is issued, Defendant will continue to commit the violations alleged and members of the Class will continue to be harmed.

61.    Plaintiff knows of no difficulty likely to be encountered in the management of this litigation that would preclude its maintenance as a class action. Because the action is brought as a class action, the Court need only apply a single set of California laws as they relate to Defendant's violation of Sections 10113.71 and 10113.72.

62.    Plaintiff has incurred, and will incur, expenses for attorney's fees and costs in bringing this action. These attorney's fees and costs are necessary for the prosecution of this action and will result in a benefit to each of the members of the Class.

### VIII.  <u>FIRST CAUSE OF ACTION</u>

**FOR DECLARATORY JUDGMENT OR RELIEF**
**(CAL CIV. CODE § 1060, *ET SEQ.*)**

**(By Plaintiff, Individually, and on Behalf of the Class)**

63.    Plaintiff incorporates by reference each and every allegation contained above.

64.    Plaintiff, in her individual capacity, as well as in her representative capacity, brings this action individually and on behalf of all members of the Class.

INDIVIDUAL AND CLASS ACTION COMPLAINT; AND DEMAND FOR JURY TRIAL

65.     Under California law, "[a]ny person interested under a written instrument…or under a contract, or who desires a declaration of his or her rights or duties with respect to another…may, in cases of an actual controversy relating to the legal rights and duties of the respective parties," maintain a complaint or cross-complaint "for a declaration of his or her rights and duties." Furthermore, he or she "may ask for a declaration of rights or duties, either alone, or with other relief, and the court may make a binding declaration of these rights or duties, whether or not further relief is or could be claimed at the time." Cal. Civ. Code § 1060.

### A.     Basis for Relief

66.     On January 1, 2013, the California Insurance Code was amended by Sections 10113.71 and 10113.72. The provisions of these Statutes were immediately and thereafter read into all in-force policies, regardless of the date of issuance. The provisions were further intended to require compliance by all policies that came within the jurisdiction of California, including, but not limited to, policies that renewed or in somehow continued in force on or after January 1, 2013.

67.     These Statutes and amendments to the California Insurance Code were intended to and do regulate the lapse and termination procedures arising from nonpayment of premiums which may occur from the date of enactment and thereafter.

68.     The amendments were not intended to relieve or waive a policy owner's continuing obligation to pay premiums, but operate to keep the policy in force until the policy was properly lapsed or terminated consistent with the statutory provisions which were incorporated into the terms of the policy by law. Each of these statutory requirements was intended to stand alone.

69.     Forfeiture provisions for nonpayment of premium for life insurance policies are strictly construed against lapse or termination and California law disfavors forfeiture of insurance. Forfeitures "are often the means of great oppression and injustice" and "the courts should be liberal in construing the transaction in favor of avoiding a forfeiture." *Ins. Co. v. Norton*, 96 U.S. 234, 242 (1978). "Forfeiture of

a policy will be avoided on any reasonable showing." *Klotz v. Old Line Life Ins. Co. of Amer.,* 955 F.Supp. 1183, 1188 (N.D. Cal. 1996).

**B.     There is an Actual Controversy Requiring a Declaration of Rights and Duties**

70.     An actual controversy has arisen and now exists between Plaintiff and Defendant concerning their respective rights and duties under the California Insurance Code and the policy. Plaintiff contends that Sections 10113.71 and 10113.72 apply to the subject policy, as well as to all of Defendant's California life insurance policies in force as of or after January 1, 2013, including any policies that were renewed in California on or after January 1, 2013. Plaintiff also contends that these Statutes govern the manner and procedure in which life insurance policies can legally be lapsed or terminated as of January 1, 2013, and thereafter. Defendant contends that policies terminated without the protection of California Insurance Code Sections 10113.71 and 10113.72 nevertheless remained terminated and that policy owners are not entitled to the revival of their policies.

71.     Plaintiff contends that the violations of the Statutes, as described herein, all invalidate and void any attempts to terminate the subject policies and/or act as a repudiation of those policies.

72.     Plaintiff desires a judicial determination of rights and duties, and a declaration or a judicial determination that the provisions of Sections 10113.71 and 10113.72 must be strictly complied with in order to terminate a policy for nonpayment of premium.

73.     Plaintiff desires a judicial determination that any life insurance policy must contain a 60-day grace period in the written contract.

74.     Plaintiff desires a judicial determination that failure to annually provide notice of a right to designate a third party to receive notices of pending lapse under Section 10113.72 renders a policy termination ineffective, leaving the policy in force.

75.     Plaintiff desires a judicial determination that Defendant is not entitled to

INDIVIDUAL AND CLASS ACTION COMPLAINT; AND DEMAND FOR JURY TRIAL

premium payments for periods of time where Defendant has declared a policy terminated in violation of Sections 10113.71 and 10113.72.

76.    Plaintiff desires a judicial determination that her policy was not properly terminated in conformance with Sections 10113.71 and 10113.72.

77.    A judicial declaration would advise insureds and their beneficiaries, like Plaintiff, of their rights and would advise Defendant of its duties to Plaintiff and to Class members concerning policy owners' rights to designate individuals to receive notices of pending lapse and termination and the right to receive notice of, and the ability to properly utilize, the legally required grace period. A judicial declaration is also necessary to determine the validity of any unnecessary reinstatements obtained, to determine whether policies were legally in force at the times of deaths of insureds, and to determine whether beneficiaries were wrongfully denied payment of benefits under their policies.

## IX.    SECOND CAUSE OF ACTION

### UNFAIR COMPETITION (CAL. BUS. AND PROF. CODE § 17200, *ET SEQ.*)

### (By Plaintiff, Individually, and on Behalf of the Class)

78.    Plaintiff incorporates by reference each and every allegation contained above.

79.    Plaintiff brings this claim individually and also on behalf of all members of the Class, as necessary.

80.    California Business and Professions Code Sections 17200, *et seq.*, ("UCL") prohibit any unlawful, unfair, deceptive, or fraudulent business practice.

81.    Defendant committed "unlawful" acts under the UCL by violating and continuing to violate Sections 10113.71 and 10113.72, including by failing to afford policy owners, including Plaintiff, the requisite 60-day grace period and/or written 30-day notice prior to any lapse or termination, and, further, an annual right to

1  designate someone else to also receive notices of pending lapse or termination of
2  coverage.

3       82.    Plaintiff's policy, as well as policies which have allegedly been lapsed
4  and/or terminated, remain in force and benefits are payable upon the death of the
5  insured. Because of Foresters' violations of the California Insurance Code, Foresters'
6  attempted terminations or lapses of policies, like the subject policy, were illegal and
7  ineffective. The policies, in other words, remain in force and subject to payment of
8  the benefits. Foresters' failure to comply with the statutory terms has not effectively
9  terminated any policy and Plaintiff and her fellow Class members all remain in
10  ongoing valid contractual relationships with Foresters.

11      83.    Foresters' unlawful practices also included and continue to include
12  Defendant's ongoing concealment of the rights afforded to policy owners under
13  Sections 10113.71 and 10113.72. Defendant continues to conceal and mislead the
14  policy owners and beneficiaries of the existence of a right to a 30-day lapse notice, a
15  right to a 60-day grace period, a right to an annual designation, as well as the
16  provisions of these Statutes that mandate strict compliance before any effective lapse
17  or termination occurs.

18      84.    Moreover, Foresters has committed deceptive acts under the UCL by
19  affirmatively and erroneously telling Class members, like Plaintiff, that their policies
20  had grace periods of less than 60 days and/or that their policies lapsed or terminated.
21  The truth is that the policies had grace periods of at least 60 days and the policies had
22  *not* actually lapsed or terminated.

23      85.    The unlawful and unfair business practices described above have
24  proximately caused harm and injuries to Plaintiff, the Class, and to the general public
25  in the form of lost money or property. The money lost by the Class includes the policy
26  benefits that Foresters is withholding, as well as the premiums it wrongfully
27  collected.

28      86.    Pursuant to California's UCL, Plaintiff, the general public, and the

21

INDIVIDUAL AND CLASS ACTION COMPLAINT; AND DEMAND FOR JURY TRIAL

members of the Class are entitled to revival of their policies Defendant illegally terminated by means of such business practices. Examples of this lost money acquired illegally by Defendant include unrefunded premiums, withheld benefits, and diminution of value of policies.

87.    Defendant continues to this day to ignore or otherwise violate the Statutes and continues to ignore or repudiate otherwise valid and in-force life insurance policies that should be in effect today. Defendant continues to rob beneficiaries and owners, like Ms. Velez, of their lawfully-owned policies and benefits. As such, and pursuant to California's UCL, Plaintiff and the members of the Class and the general public are also entitled to injunctive relief, including public injunctive relief, against Defendant's ongoing business practices.

88.    If Defendant is not enjoined from engaging in the unlawful business practices described above, Plaintiff, the Class, and the general public will be irreparably injured.

89.    Plaintiff, the general public, and the members of the Class have no plain, speedy, and adequate remedy at law.

90.    Defendant, if not enjoined by this Court, will continue to engage in the unlawful business practices described above, in violation of the UCL, in derogation of the rights of Plaintiff, the Class, and the general public.

91.    Plaintiff's success in this action will result in the enforcement of important rights affecting the public interest by conferring a significant benefit upon the general public.

92.    Private enforcement of these rights is necessary, as no public agency has pursued enforcement and the interests Plaintiff seeks to protect are for the benefit of the general public. Plaintiff is therefore entitled to an award of attorneys' fees and costs of suit pursuant to, among others, California's UCL, the Common Fund Doctrine, the Public Benefit Doctrine, and California Code of Civil Procedure Section 1021.5.

# XI.    PRAYER FOR RELIEF

Plaintiff MAGDA VELEZ, Individually, and on Behalf of the Class, prays for relief against Defendants, and each of them, as follows:

1.    For certification of this action as a class action;

2.    A declaration of Plaintiff's and the Class' rights pursuant to the insurance policies issued by Defendant and a declaration that Defendant has violated the Statutes;

3.    For an injunction to issue against Defendant, stopping and remedying the ongoing violation of the Statutes, including public injunctive relief;

4.    For interest where available;

5.    For attorney's fees and all litigation costs and expenses where available; and

6.    For such other and further relief as this Court deems just and proper.

Respectfully submitted:

DATED:   October 27, 2022         **WINTERS & ASSOCIATES**


By:    /s/Jack B. Winters, Jr.
       Jack B. Winters, Jr., Esq.
       Sarah Ball, Esq.
       jackbwinters@earthlink.net
       sball@einsurelaw.com

       **NICHOLAS & TOMASEVIC, LLP**
       Craig M. Nicholas, Esq.
       Alex Tomasevic, Esq.
       cnicholas@nicholaslaw.org
       atomasevic@nicholaslaw.org

       Attorneys for Plaintiff MAGDA
       VELEZ, Individually,
       and on Behalf of the Class

///
///

INDIVIDUAL AND CLASS ACTION COMPLAINT; AND DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Plaintiff MAGDA VELEZ, Individually, and on Behalf of the Class, hereby demands a jury trial on all issues triable by jury in this matter.

Respectfully submitted:

DATED:   October 27, 2022                    **WINTERS & ASSOCIATES**

By:    /s/Jack B. Winters, Jr.
                             Jack B. Winters, Jr., Esq.
                             Sarah Ball, Esq.
                             jackbwinters@earthlink.net
                             sball@einsurelaw.com

**NICHOLAS & TOMASEVIC, LLP**
Craig M. Nicholas, Esq.
Alex Tomasevic, Esq.
cnicholas@nicholaslaw.org
atomasevic@nicholaslaw.org

Attorneys for Plaintiff
MAGDA VELEZ, Individually,
and on Behalf of the Class

---

INDIVIDUAL AND CLASS ACTION COMPLAINT; AND DEMAND FOR JURY TRIAL

## **TABLE OF CONTENTS – EXHIBIT TO COMPLAINT**

| **EXHIBIT** | **DESCRIPTION** | **PAGE NO**. |
|---|---|---|
| "A" | Partial Policy (redacted) | 2 |

INDIVIDUAL AND CLASS ACTION COMPLAINT; AND DEMAND FOR JURY TRIAL

**EXHIBIT "A"**



# First Investors Life

First Investors Life Insurance Company
110 Wall Street, New York, N.Y. 10005

# LEVEL TERM LIFE INSURANCE POLICY

**Level Term Life Insurance With Premium Adjustment Provision**
- Proceeds Payable at Death of Insured Prior to Expiration Date
- Proceeds Payable in a Single Sum
- Premiums Payable During Lifetime of Insured or Until Expiration Date
- Non-Renewable
- Convertible to the earlier of Age 65 or the Expiration Date
- Non-Participating – No Annual Dividend

First Investors Life agrees to pay the Proceeds of this Policy to the Beneficiary upon receipt of due proof of death of the Insured and to provide the other rights and benefits in accordance with the terms of this Policy.

### IMPORTANT
**YOU HAVE PURCHASED A LIFE INSURANCE POLICY. CAREFULLY REVIEW IT FOR LIMITATIONS.**

**THE POLICY MAY BE RETURNED WITHIN 30 DAYS FROM THE DATE YOU RECEIVED IT FOR A FULL REFUND BY RETURNING IT TO THE INSURANCE COMPANY OR AGENT WHO SOLD THIS POLICY.**

Signed for First Investors Life Insurance Company
at its Home Office in New York, New York.

Carol E. Springsteen, President

Carol L. Brown, Secretary

Form LTL-2 (09/05) (CA)

EX. A
002

This Policy is a legal contract between the Owner of the Policy and the Company

IT IS IMPORTANT THAT YOU READ YOUR POLICY CAREFULLY

# Table of Contents

|  | Page |
|---|---|
|  | 6 |
| **Section A. – Definitions** |  |
| **Section B. - General Provisions** | 6 |
| ASSIGNMENT | 7 |
| CLAIMS OF CREDITORS | 6 |
| CONTRACT | 6 |
| CONTROL | 7 |
| ELECTIONS, DESIGNATIONS AND CHANGES | 7 |
| MISSTATEMENT OF AGE OR SEX | 7 |
| NONPARTICIPATING | 7 |
| NOT CONTESTABLE | 7 |
| SETTLEMENT | 7 |
| SUICIDE | 7 |
| TERMINATION |  |
| **Section C. - Owner and Beneficiary** | 8 |
| CHANGE OF BENEFICIARY | 7 |
| CHANGE OF OWNER | 8 |
| DEATH OF BENEFICIARY | 7 |
| DESIGNATION OF BENEFICIARY | 7 |
| DESIGNATION OF OWNER |  |
| **Section D. - Premiums** | 8 |
| AMOUNT AND FREQUENCY | 8 |
| DEFAULT IN PAYMENT OF PREMIUMS | 8 |
| GRACE PERIOD | 8 |
| PREMIUM CHANGE | 8 |
| REINSTATEMENT | 8 |
| WHERE PAYABLE |  |
| **Section E. - Conversion** | 9 |
| CONVERSION RULES | 9 |
| REQUIREMENTS FOR CONVERSION |  |
| **Section F. - Amount of Proceeds** | 9 |
| PROCEEDS |  |
| **Section G. - Payment of Proceeds** | 9 |
| PAYMENT | 9 |
| PROOF OF LOSS |  |

## ADDITIONAL BENEFITS

The Additional Benefits, if any, listed on page 4 are described after page 9 of this Policy.

Form LTL-2 (09/05)

EX. A
003

POLICY NUMBER    686834

| | |
|---|---|
| INSURED | MAGDA VELEZ |
| FACE AMOUNT | $400,000 |
| ISSUE DATE | JUNE 10, 2010 |
| INITIAL TERM PERIOD | 20 YEARS |
| EXPIRATION DATE | JUNE 09, 2071 |
| ISSUE AGE | 39 |
| PREMIUM CLASS | STANDARD NON-TOBACCO |

**OWNER**

    MAGDA VELEZ

**BENEFICIARY  DESIGNATION**

    REFER TO ATTACHED APPLICATION

3

EX. A
004

POLICY SCHEDULE
CURRENT AND MAXIMUM ANNUALIZED PREMIUMS

LEVEL TERM LIFE INSURANCE    20 YEARS

FEMALE AGE 39            STANDARD NON TOBACCO

| POLICY YEAR | CURRENT ANNUALIZED PREMIUM FOR BASIC POLICY | MAXIMUM ANNUALIZED PREMIUM FOR BASIC POLICY | POLICY YEAR | CURRENT ANNUALIZED PREMIUM FOR BASIC POLICY | MAXIMUM ANNUALIZED PREMIUM FOR BASIC POLICY |
|---|---|---|---|---|---|
| 61 | $ 335,250.02 | $ 335,250.02 | | | |

THE CURRENT ANNUALIZED PREMIUM FOR THE BASIC POLICY IS THE PREMIUM
THE COMPANY EXPECTS TO CHARGE. THE CURRENT ANNUALIZED PREMIUM MAY BE
CHANGED IN ACCORDANCE WITH THE PREMIUM CHANGE PROVISION OF THIS
POLICY. HOWEVER, THE CURRENT ANNUALIZED PREMIUM CAN NEVER BE MORE
THAN THE MAXIMUM ANNUALIZED PREMIUM SHOWN ABOVE. SEMI-ANNUAL, QUARTERLY
AND MONTHLY PREMIUM PAYMENTS ARE SUBJECT TO A SERVICE CHARGE THAT IS
INCLUDED IN THE CURRENT AND MAXIMUM ANNUALIZED PREMIUMS ILLUSTRATED ABOVE.

LTL-2(10/08) PS-20-2(CA)            5-A

EX. A
005

## Definitions

**ADMINISTRATIVE OFFICE** is the office indicated in the Policy Schedule to which Notices, requests and payments must be sent. We will notify you in writing and provide you with an address if we designate another office for policy administration and/or the receipt of correspondence, Notices, requests and payments.

**AGE** is the age of the Insured (last birthday) on the Issue Date and thereafter the Issue Age shown on page 3 plus the number of full years elapsed since the Issue Date.

**APPLICATION** is the application(s) for this Policy which is attached to and made a part of this Policy.

**BENEFICIARY** is the party(ies) named in the Application to receive the proceeds, unless changed later as provided in the Policy.

**COMPANY** (The) (also "**We**", "**Us**", "**Our**") means First Investors Life Insurance Company.

**FACE AMOUNT (also, DEATH BENEFIT)** is the amount We will pay upon the death of the Insured, as shown on the Policy Schedule.

**INSURED** is the person whose life is insured under this Policy as shown on Page 3 of this Policy.

**ISSUE DATE** is the date this Policy was issued as shown on Page 3 of this Policy. This is the date from which the Suicide and Contestability periods are measured.

**NOTICE** is a signed written communication providing information We need. We may give written authorization in advance for another manner of communication. All Notices to Us must be sent to Our Administrative Office and received in good order acceptable to Us.

**OWNER** (also "**You**" or "**Your**") is the person designated on the Policy Schedule who is entitled to the ownership rights under this Policy. The Owner may be changed as set forth under "Change of Owner" on page 8. We will send the Owner all communications at the last address We have on record. It is the Owner's responsibility to provide us with any change of address.

**POLICY ANNIVERSARY** is the same day and month as the Issue Date.

**POLICY SCHEDULE** is the pages of this Policy so titled which show the Policy's Owner, benefits, premiums and other information.

## B. General Provisions

### THE CONTRACT

This Policy, the Application, and any riders and endorsements attached to this Policy constitute the entire contract. Only the President, a Vice-President or the Secretary of the Company has the authority to change, modify, or waive any provisions of this Policy. Any changes, modifications, or waivers must be in writing. We will not be bound by any promises or representations made by any agent or other person except as specified above.

In the absence of fraud, all statements made in the original Application, or any supplemental application (such as in connection with a reinstatement), by or on behalf of the Insured are representations and not warranties.

### CONTROL

Consistent with the terms of any Beneficiary designation and any assignment, the Owner may, during the lifetime of the Insured:

1. assign this Policy;
2. amend or modify this Policy, subject to the conditions included under "The Contract" above, and,
3. exercise any right, receive any benefit or enjoy any privilege in this Policy.

We reserve the right to require return of this Policy for endorsement of any assignment, change of Beneficiary designation, amendment or modification.

### ASSIGNMENT

No assignment of this Policy will be binding on Us unless it is in writing and received by Us in good order at Our Administrative Office. An assignment becomes effective when signed by the Owner, subject to any actions We take prior to such receipt. We will not be responsible for the validity of any assignment.

TL-2 (09/05) (CA)                                                6

Unless otherwise provided in the assignment, the interest of any revocable beneficiary shall be subordinate to the interest of any assignee, regardless of when the assignment was made. The assignee shall receive any sum payable to the extent of his or her interest. We reserve the right to require return of this Policy for endorsement of any assignment.

## NOT CONTESTABLE AFTER TWO YEARS

Except in the cases of fraud or non-payment of premium, we will not contest the Policy's validity after it has been in force during the lifetime of the Insured for two years from the Issue Date or date of reinstatement. We may use any misstatements or misrepresentations to contest a claim or the validity of this Policy only if they are material and contained in the original Application or any supplemental application and a copy of the Application(s) is/are attached to this Policy when issued or subsequent to issue as applicable.

The contestable period for a policy issued as a conversion of this Policy is measured from this Policy's Date of Issue.

## SUICIDE WITHIN TWO YEARS

If the Insured commits suicide within two years from the Issue Date, the liability of the Company under this Policy will be limited to all premiums paid.

The suicide provision for a policy issued as a Conversion of this Policy will be measured from this Policy's Date of Issue.

## MISSTATEMENT OF AGE OR SEX

If the Age or sex of the Insured has been misstated, the benefits available under this Policy will be those which the premiums paid would have purchased for the correct Age and sex.

## ELECTIONS, DESIGNATIONS AND CHANGES

All elections, designations, and changes must be made in a form acceptable by the Owner, subject to any actions we take prior to receipt in good order at Our Administrative Office.

## SETTLEMENT

Any payment by the Company under this Policy is payable at Our Administrative Office.

## CLAIMS OF CREDITORS

To the extent allowed by law, proceeds w... subject to any claims of creditors.

## NONPARTICIPATING

This Policy is nonparticipating. It will not... surplus earnings of the Company.

## TERMINATION

All coverage under this Policy will termin... any one of the following occurs:

1. on the expiration date;
2. the Grace Period ends without the paym... of the required premium;
3. the Insured dies; or
4. this Policy is converted or exchanged.

Coverage will terminate at 12:00 midnigh... Time on any given termination date.

## C. Owner and Beneficiary

### DESIGNATION OF OWNER

The Owner named in the application for t... or a person named by that Owner as a... shall be the Owner. All rights of the Own... to the Owner while the Insured is alive. T... of the Owner pass to the estate of the Ow... Owner dies before the Insured.

### CHANGE OF OWNER

The Owner of this Policy is indicated on t... Schedule. You may request a change of ow... A written request for change of Owner i... acceptable to Us must be filed... Administrative Office. A change in owne... take effect on the date the request is sign... previous Owner, subject to any actions th... prior to receipt of the request in good or... We may require return of this P... endorsement of a change in ownership.

### DESIGNATION OF BENEFICIARY

The Beneficiary named in the Applicatio... Policy will receive the proceeds when... dies, unless the Beneficiary designatio... changed by the Owner.

### ...ANGE OF BENEFICIARY

...Owner may request a change in ...gnation(s) while the Insured is ...vious designation provides other... Beneficiary designation(s) w... ...vious designation. An irrevoca... ...gnation cannot be changed wit... ...sent of such Beneficiary.

...y change in Beneficiary design... ...ect on the date the request is... ...ject to any actions We take pri... ...your request.

...change of designation may be... ...uest with our Administrative Of... ...st be in a form acceptable to... ...uire return of this Policy for e... ...nge of Beneficiary designation.

### ...ATH OF BENEFICIARY

...less otherwise provided in... ...ignation:

...if any Beneficiary dies befor... Beneficiary's interest will pa... Beneficiaries according to... interests; or
...if no Beneficiary survives... proceeds will be paid in one s... if living; otherwise, to the Ow...

## Premiums

### ...HERE PAYABLE

...miums are payable to the... ...ministrative Office. A receipt... ...on request.

### ...MOUNT AND FREQUENCY

...miums are payable in advanc... ...te of Issue in the amounts a... ...own on the Policy Schedule... ...id on an annual, semi-ann... ...onthly electronic transfer mo... ...arterly and monthly electroni... ...e subject to a service charge... ...emium. The Owner may cha... ...emium payments subject to Ou... ...ne of the change. The change...

LTL-2 (09/05) (CA)

7

LTL-2 (09/05) (CA)

EX. A
007

## CLAIMS OF CREDITORS

To the extent allowed by law, proceeds will [...] subject to any claims of creditors.

## NONPARTICIPATING

This Policy is nonparticipating. It will not sha[re in] surplus earnings of the Company.

## TERMINATION

All coverage under this Policy will terminate [on] any one of the following occurs:

1. on the expiration date;
2. the Grace Period ends without the payment [of] the required premium;
3. the Insured dies; or
4. this Policy is converted or exchanged.

Coverage will terminate at 12:00 midnight, E[astern] Time on any given termination date.

## C. Owner and Beneficiary

### DESIGNATION OF OWNER

The Owner named in the application for this P[olicy] or a person named by that Owner as a succ[essor] shall be the Owner. All rights of the Owner b[elong] to the Owner while the Insured is alive. The r[ights] of the Owner pass to the estate of the Owner [if the] Owner dies before the Insured.

### [C]HANGE OF OWNER

[Th]e Owner of this Policy is indicated on the P[olicy Sch]edule. You may request a change of owner[ship by] [w]ritten request for change of Owner in a f[orm accep]table to Us must be filed with [our Admin]istrative Office. A change in ownership [takes ef]fect on the date the request is signed by [the] Owner, subject to any actions taken b[y Us upon] receipt of the request in good order b[y Us. We may] require return of this Policy [for endorsem]ent of a change in ownership.

### [DESIGNA]TION OF BENEFICIARY

[The Benefici]ary named in the Application for [this Policy will] [re]ceive the proceeds when the Ins[ured dies until] [t]he Beneficiary designation has b[een changed by the] Owner.

### [C]HANGE OF BENEFICIARY

[Th]e Owner may request a change in the Beneficiary [des]ignation(s) while the Insured is alive, unless a [ch]ange in Beneficiary designation provides otherwise. A change [in] Beneficiary designation(s) will revoke any [pre]vious designation. An irrevocable Beneficiary [des]ignation cannot be changed without the written [con]sent of such Beneficiary.

[An]y change in Beneficiary designation(s) will take [e]ffect on the date the request is signed by You [sub]ject to any actions We take prior to Our receipt [of] Your request.

[A] change of designation may be made by filing a [re]quest with our Administrative Office. The request [m]ust be in a form acceptable to Us. We may [r]equire return of this Policy for endorsement of a [c]hange of Beneficiary designation.

### DEATH OF BENEFICIARY

Unless otherwise provided in the Beneficiary designation:

1. if any Beneficiary dies before the Insured, that Beneficiary's interest will pass to any other Beneficiaries according to their respective interests; or

2. if no Beneficiary survives the Insured, the proceeds will be paid in one sum to the Owner, if living; otherwise, to the Owner's estate.

## D. Premiums

### WHERE PAYABLE

Premiums are payable to the Company at Our Administrative Office. A receipt will be furnished upon request.

### AMOUNT AND FREQUENCY

Premiums are payable in advance beginning on the Date of Issue in the amounts and at the intervals shown on the Policy Schedule. Premiums may be paid on an annual, semi-annual, quarterly, or monthly electronic transfer mode. Semi-annual, quarterly and monthly electronic transfer payments are subject to a service charge that is added to the premium. The Owner may change the frequency of premium payments subject to Our rules in effect at the time of the change. The change is made by filing a

request in a form acceptable to Us at Our Administrative Office.

### PREMIUM CHANGE

The current and maximum guaranteed annualized premiums are shown on the Policy Schedule Pages. We may change the current annualized premium. Any change in the premium will be on a uniform basis by premium class and based upon expectations of future investment earnings, mortality, persistency and expenses. No change in premium will occur on account of deterioration of the Insured's health or a change in occupation. If rates are changed, We will send the Owner (1) a notice of any change before it takes effect and (2) a premium rate table showing the new current premium rates for all policy years. Any benefits provided by attached riders will not be affected by this provision unless otherwise provided in the rider.

### GRACE PERIOD

A Grace Period of 31 days will be allowed for payment of each premium due after the first. This Policy will continue in force during the Grace Period

### DEFAULT IN PAYMENT OF PREMIUMS

Any premium not paid before the end of the Grace Period will result in default. The date of default is the date on which the unpaid premium was due. Default will terminate this Policy.

### REINSTATEMENT

This Policy may be reinstated at any time within three years after the date of default. The requirements for reinstatement are:

1. presentation of evidence of insurability acceptable to the Company; and

2. payment of all premiums from the date of default; and

3. payment of interest at a rate of 6% a year on all unpaid premiums.

The contestable period after reinstatement is based only on statements in the reinstatement application.

If this Policy is reinstated, the suicide exclusion does not begin anew.

LTL-2 (09/05) (CA)                                    8

EX. A
008

We will send You the necessary application and
other requirements within 15 days after We receive
Your Reinstatement request. We may require that
You return this Policy to Us for endorsement in
order to put the Reinstatement into effect.

### E. Conversion

#### CONVERSION RULES

This Policy may be converted to a new policy at any
time prior to the earlier of the expiration date shown
in the Policy Schedule or the Policy Anniversary on
which the Insured attains age 65.

The new policy will be Our Interest Sensitive
Whole Life policy (ISWL). If ISWL is not
available at the time of conversion, this Policy may
then be converted to any other permanent life
insurance policy issued by the Company at that
time.

The new policy will:

1. not be for a Face Amount which exceeds the
   Face Amount provided by this Policy on the
   date of conversion;
2. have premiums based on rates used by the
   Company at the time of conversion;
3. be in the same premium class as this Policy;
   unless that class is no longer offered, then
   the most comparable class available;
4. have the date of conversion as its Date of
   Issue; and
5. include a rider providing Waiver of
   Premium Benefits in the event of total
   disability if:
   a. that benefit is in force under this Policy
      on the date of conversion;
   b. that benefit is available with new
      policies at the then current age of the
      Insured.

### REQUIREMENTS FOR CONVERSION

We must receive both this Policy and a request to
convert at Our Administrative Office. The request
must be in a form acceptable to Us and must be
signed by (1) the Owner, (2) any assignee and (3)
any Beneficiary whose designation the Owner has
not reserved the right to change.

Evidence of insurability will not be required.

### F. Amount of Proceeds

#### PROCEEDS

Proceeds payable at the death of the Insured is
the sum of:

1. the Face Amount of this Policy;
2. any insurance on the life of the Insured
   provided by benefit riders;
3. the part of any premium paid which applies
   to a period after the Insured's death.

less:

4. the part of any premium due and unpaid
   which applies to a period before the
   Insured's death.

### G. Payment of Proceeds

#### PROOF OF LOSS

Proceeds are payable upon receipt of due proof of
death and other documentation in good order at Our
Administrative Office.

#### PAYMENT

Any amount to be paid at the death of the Insured or
any other termination of this Policy will be paid in a
single sum.

Interest will be paid on this amount from the date of
death to the date of payment at a rate not less than
that required by law.

First Investors Life Insurance Company
Wall Street
York, NY 10005

If you have any questions concerning
appropriate office.

First Investors Corporation
73 Kearny Villa Rd, Suite
n Diego, CA 92123
8- 650-6830

no agent was involved
ntact FIL directly at:

First Investors Life In
ritan Plaza 1, PO B
dison, New Jersey 0
0-832-7783

after contacting y
mplaint with the

alifornia Depar
onsumer Servi
00 South Sprin
uth Tower
os Angeles, C
00-927-4357
13-897-8921

his no

EX. A
009

First Investors Life Insurance Company
10 Wall Street
New York, NY 10005


First Investors Life

# IMPORTANT NOTICE

If you have any questions concerning your Policy or wish to file a complaint, please contact your agent at the appropriate office:

First Investors Corporation
5473 Kearny Villa Rd, Suite 310
San Diego, CA 92123
858- 650-6830

First Investors Corporation
2025 Gateway Pl, Suite 420
San Jose, CA 95110
408- 452-4200

If no agent was involved in the sale of your Policy or if you have additional questions or a complaint you may contact FIL directly at:

First Investors Life Insurance Company
Raritan Plaza 1, PO Box 7836
Edison, New Jersey 08818
800-832-7783

If, after contacting your agent or FIL you feel that a satisfactory resolution has not been reached, you may file a complaint with the California Insurance Department at:

California Department of Insurance
Consumer Services Division
300 South Spring Street
South Tower
Los Angeles, CA  90013
800-927-4357 (For calls within California)
213-897-8921 (For calls outside California)

This notice is for information only and does not become a part or condition of this policy.

CA notice (09/06)

EX. A
010

APPLICATION FOR LIFE INSURANCE
**FIRST INVESTORS LIFE INSURANCE COMPANY**
110 Wall Street, New York, NY 10005

| | |
|---|---|
| **Legal Name of Proposed Insured**<br><br>AGDA      VELEZ<br>MAGDA   Middle        Last<br>**...mation on the Proposed Insured** | **7. Amount of Insurance**<br>$ 525K | **8a. Premium Paid With Application**<br>$ Ø |
| Date of Birth     b) Age Last Birthday<br>0...       **39**<br>Month   Day   Year | | **8b. Premiums Payable**<br>☐ Annually    ☐ Semi-Annually<br>☐ Quarterly ☒ Lifeline (Monthly Electronic) |

| |
|---|
| **Legal Name of Proposed Insured** |
| AGDA       VELEZ |
| MAGDA    Middle           Last |

...mation on the Proposed Insured

Date of Birth      b) Age Last Birthday
0...       **39**
Month   Day   Year

...e/Country of Birth     MEXICO

...Citizen ☒ Yes ☐ No
...f No, provide status information in "Remarks".)

...ial Security Number _____

☐ Male ☒ Female   g) Marital Status   Single
...idence Address      No. of Years 10

...and No.   9506 SAN LUIS AV. #B

SOUTH GATE State CA Zip 90280

...cupation    INTERPRETER

...Employed   ☐ Self employed
Not employed   ☐ Retired

...siness Address      No. of Yrs. 16

...yer     LA.C.C.D.

...and No.   770 WILSHIRE BLVD.

LA.    State CA Zip Code 90017

...nd Premium Notices to Owner at:
☒ Residence   ☐ Business

---

**7. Amount of Insurance**
$ 525K

**8a. Premium Paid With Application**
$ Ø

**8b. Premiums Payable**
☐ Annually    ☐ Semi-Annually
☐ Quarterly ☒ Lifeline (Monthly Electronic)

**9. Plan of Insurance**

a) **Basic Benefits**

☒ Level Term 20 Years

☐ Interest Sensitive Whole Life

☐ Other _____

b) **Additional Benefits**

☐ $_____ Accidental Death   ☐ Waiver of Premium

☐ $_____ Level Term - Number of Years _____

**10. Automatic Premium Loan Option**, if available?
☒ Yes ☐ No

**11.** The Proposed Insured will be Owner of the Policy unless otherwise indicated below.

Owner's Name _____
Address _____
City, State, Zip _____
Relationship _____
Social Security Number _____

---

**...neficiary Designation**: Except as otherwise directed, the proceeds are to be divided equally among all persons who are ...med as Primary Beneficiary and who survive the Insured. If none survive, the proceeds will be divided equally among all ...rsons named as Contingent Beneficiary and who survive the Insured.

**...mary Beneficiary(ies)**

| Name | MI | Last Name | | Social Security or Tax ID # | Relationship | Share %<br>(Total must equal 100%) |
|---|---|---|---|---|---|---|
| ...ICARDO | | ROSAS | JR. | | SON | 100% |
| | | | | | | |

**...tingent Beneficiary(ies)**

| ...ame | MI | Last Name | Social Security or Tax ID # | Relationship | Share %<br>(Total must equal 100%) |
|---|---|---|---|---|---|
| ...RMA | | MILLER | | SISTER | 100% |
| | | | | | |

...(01/07)(CA)                                                   4KQFUEF6OK3

EX. A
011

surance and Annuity Contracts in Force
(If none, write "None")

ed    Company    Amount    Amount of Accidental
Death Benefit

(Attach additional sheet if necessary)

e policy applied for intended to replace any life
rance or annuity currently in force?    ☐ Yes  ☒ No

, furnish policy numbers and company(ies) under
rks")

the Proposed Insured:

been limited, postponed, rated or rejected for life,
ent or health insurance?    ☐ Yes  ☒ No

n the last five years been confined in a hospital or
ved any medical or surgical attention?    ☒ Yes  ☐ No

or consulted a physician or medical practitioner for
t trouble, high blood pressure, cancer, diabetes, lung,
ey or stomach disorder within the last ten (10) years?
    ☒ Yes  ☐ No

d any form of tobacco or nicotine based products
n the past 36 months?    ☐ Yes  ☒ No

ght 5'3"  Weight 190

ers License No. and State of Issue _____

n the last three years;

ad their drivers license suspended or revoked?
    ☐ Yes  ☒ No

ad any moving violations?    ☐ Yes  ☒ No

een convicted for driving under the influence of either
cohol or drugs?    ☐ Yes  ☒ No

d any automobile accidents?    ☒ Yes  ☐ No

(Provide details to any "Yes" answers
in "Remarks")

(01/07)(CA)

---

**16. a)** Does the Proposed Insured contemplate flying, or have they flown during the past two years, other than as a passenger on a regularly scheduled airline?    ☐ Yes  ☒ No

*(If Yes, complete Aviation Questionnaire)*

**b)** Has the Proposed Insured engaged in any hazardous activities such as auto, motorcycle or power boat racing, skin or scuba diving, mountain climbing, parachuting or sky diving, snowmobile racing or any other hazardous sport or hobby within the last two (2) years, or plan to do so in the future?    ☐ Yes  ☒ No

*(If Yes, please complete the appropriate questionnaire or submit complete details with this application)*

**17. Remarks**

15c – past six months under medication for high blood pressure. Controlled

15g(4) Was hit by truck driver who ran a red light. I was not at fault. 2 yrs. ago. 15(b) Was there for 1 day, ankle surgery. fine now.

*(Attach an additional sheet if necessary)*

**18. Does the Proposed Owner understand that:**

**a)** Policy values, if any reflect certain deductions and charges?    ☒ Yes  ☐ No

**b)** Cash values, if any may be subject to a surrender charge upon policy surrender, lapse or face amount reduction?    ☒ Yes  ☐ No

**c)** Does the Proposed Owner believe that this policy will meet their insurance needs and financial objectives?    ☒ Yes  ☐ No

**19.** If the Proposed Insured is age 0-14, you must furnish amount of life insurance in force on the life of the Applicant/ Owner.

| Company | Amount |
|---------|--------|
|         |        |
|         |        |
|         |        |
|         |        |

*(Attach an additional sheet if necessary)*

4KQFUEF6OK3

all be no contract of insurance unless a policy is issued based on this application. The full first modal premium must
uring the lifetime of the Proposed Insured and while his (her) health is as stated in this application. If any premium is
dvance to an agent of the Company at the time this application is signed and the Conditional Receipt is given to the
d Owner, the terms of the Conditional Receipt shall apply. All statements and answers contained in this application
complete, and true to the best of my/our knowledge and belief and I/we have not withheld any material information
y influence the assessment or acceptance of this application. I/we agree to inform First Investors Life in writing of any
change in circumstances between the date of this application and the issue date of the policy.

**I understand that this application will be attached to and shall become part of any policy issued.**

nt or medical examiner is authorized to make or discharge a contract or waive any of the conditions or provisions of
plication, policy, or receipt. Only the President, Vice President, Actuary, or Secretary of the Company may make,
r discharge contracts or waive any of the Company's rights or requirement and then only in writing.

### A.  ACKNOWLEDGEMENTS

y acknowledge receiving and reading the Notice, **ORD Notice (07/06)(CA)**, included with this application pertaining to
ustration of Benefits, **Investigative Consumer Reports and the Medical Information Bureau** and authorize the
any to secure an **Investigative Consumer Report.**

vel Term Life Insurance, Policy Form LTL-2 (09/05)(CA) including any supplemental coverage: I acknowledge,
e premium for the policy applied for is not guaranteed for the entire term of the policy and may change in
dance with the Premium Change provisions of Policy LTL-2 (09/05)(CA) and that the Company may charge the
aximum guaranteed premium.

### B.  AUTHORIZATION

by authorize any licensed physician, medical practitioner, hospital, clinic or other medical related facility, insurance
any, the Medical Information Bureau, or other organization, institution or person, that has any records or knowledge of
my health, to give First Investors Life Insurance Company or its reinsurers any such information. A photographic copy
Authorization shall be as valid as the original. This Authorization shall remain in effect for a period of 30 months from
te of this Application.

d at ___Los Angeles, CA___ this __29__ day of __April__, 2 _0 1 0_

City & State  /  day  /  Month  /  Year

ature of Proposed Insured _____
Parent/Guardian if Proposed Insured is age 0-14

ature of Proposed Owner _____
er than the Proposed Insured)

ature of Licensed Agent _____

pp (01/07)(CA)                                             4KQFUEF6OK3

EX. A
013

**APPLICATION FOR INSURANCE**
**FIRST INVESTORS LIFE INSURANCE COMPANY**
110 Wall Street, New York, NY 10005
**STATEMENTS MADE TO AUTHORIZED COMPANY AGENT**

Proposed Insured (as it appears on Part I.)

GDA Middle    Last VELEZ

Proposed Insured's
Date of Birth    Month    Day    Year

Insured's:
In shoes) 5'3" b. Weight (clothed) 190

weight significantly changed in the last year?  ☐ Yes ☒ No

gain _____ lbs. or Loss _____ lbs.

*ause and number of months at present weight in below*

Proposed Insured lost any time from work (school) ss or injury during the past five years? ☐ Yes ☒ No

the Proposed Insured ever been treated for alcoholism? ☐ Yes ☒ No

the Proposed Insured used habit-forming drugs in the en (10) years or been treated for any drug habit? ☐ Yes ☒ No

Proposed Insured ever been under observation in tal, sanitarium, or other similar institution? ☐ Yes ☒ No

the Proposed Insured ever had any surgical operation? ☒ Yes ☐ No

the Proposed Insured ever been advised to have any cal operation which has not been performed? ☐ Yes ☒ No

Proposed Insured had an electrocardiogram, x-ray r diagnostic examination within the past 10 years? ☒ Yes ☐ No

the last past (10) ten years has the Proposed Insured r consulted a physician or medical practitioner for:
*(Circle applicable items)*

atic fever, shortness of breath, chest pain, high or low pressure, epilepsy, depression, fainting, sleep apnea y spells? ☒ Yes ☐ No

nal or gastric ulcer, chronic indigestion, bowel disorder min, sugar or blood in urine? ☐ Yes ☒ No

ulosis, asthma, allergic conditions, or blood spitting? ☐ Yes ☒ No

; cysts, hernia, goiter or diabetes? ☐ Yes ☒ No

, back or spine disorder or impaired vision or ? ☐ Yes ☒ No

d immune deficiency syndrome (AIDS), AIDS related (ARC) or positive test results indicating the presence DS virus? ☐ Yes ☒ No

er illness, injury or impairment not mentioned above? ☐ Yes ☒ No

| 10. Within the last ten (10) years has the Proposed Insured had or consulted a physician or practitioner for any ailment or disease of the | | |
|---|---|---|
| a. brain or nervous system? | ☐ Yes | ☒ No |
| b. heart or blood vessels? | ☐ Yes | ☒ No |
| c. lungs or other respiratory organs? | ☐ Yes | ☒ No |
| d. stomach, intestines, liver or gallbladder? | ☐ Yes | ☒ No |
| e. kidneys or other genito-urinary organs? | ☐ Yes | ☒ No |
| f. bones, glands, or skin? | ☐ Yes | ☒ No |

**11. Within the last ten (10) years has the Proposed Insured**

a. had any illness, disease, or injury that is not included in your other answers? ☐ Yes ☒ No

b. consulted or been examined or treated by any physician or practitioner not named in connection with your other answers? ☐ Yes ☒ No

*(If yes, include name of each doctor and reason for visit in Details below)*

12. To the best of your knowledge and belief, is the Proposed Insured pregnant? *(If yes, include month of pregnancy)*
NO

13. Name & address of Proposed Insured's personal physician?
DR. JENNY TAI
PIONEER MEDICAL GROUP

14. Have any of the Proposed Insured's parents, brothers or sisters, ever had heart disease, diabetes, mental illness or tuberculosis? ☐ Yes ☒ No

**15. Family Record**

| | Living | | | Deceased | |
|---|---|---|---|---|---|
| | Age | State of Health (if poor, explain) | Age At Death | Cause | |
| Father | | UNKNOWN | | | |
| Mother | | DECEASED | 59 | HEAD TRAUMA | |
| Brothers | 42 | GOOD | | | |
| Sisters | 45 | GOOD | | | |

/07)(CA)                                                                4KQFUEF6OK3

EX. A
014

## STATEMENTS MADE TO AUTHORIZED COMPANY AGENT (CONTINUED)

In connection with any "Yes" answers to questions.. (Attach an additional sheet if necessary)

| Dates | Name and Address of Each Physician or Hospital | Furnish full details, including nature or injury, number of attacks, duration, severity, treatment, results and other pertinent information. |
|---|---|---|
| 7/11/08 | DOWNEY COMM. HOSPITAL | BROKEN ANKLE REQUIRED SURGERY |
| 7/6/08 | X-RAYS DOWNEY COMMUNITY HOSP. | X-RAYS OF ANKLE |
| 4/10 | DR. JENNY TAI. PIONEER MED. GROUP | TAKING MEDICATION FOR HIGH BLOOD PRESSURE |
| 4/10 | DR. JENNY TAI | BLOOD PRESSURE MEDICATION |
| 6/08 | LOS ANGELES, CA | TRUCK DRIVER RAN A RED LIGHT AND STRUCK MY VEHICLE (NOT AT FAULT) |
| | | |
| | | |
| | | |
| | | |

e above answers are full, complete and true to the best of my knowledge and belief and are a continuation of n a part of the Application for Insurance to First Investors Life Insurance Company.

LOS ANGELES, CA          this  29  day of  APRIL , 2 0 1 0
City          State                              Day        Month        Year

re of Proposed Insured
rent/Guardian if Proposed Insured is age 0-14

Signature of Proposed Owner
(if other than Proposed Insured)

re of Licensed Agent

(01/07)(CA)

4KQFUEF6OK3

EX. A
015

51

AMENDMENT TO APPLICATION FOR INSURANCE IN
FIRST INVESTORS LIFE INSURANCE COMPANY
NEW YORK, N.Y.

E LIFE OF: MAGDA VELEZ

CATION DATE: APRIL 29, 2010

S REQUESTED THAT THE APPLICATION REFERRED TO ABOVE BE AMENDED AS FOLLOWS:

ISSUE POLICY WITH A FACE AMOUNT OF $400,000.00 AND A $56.60 PREMIUM
PAYABLE MONTHLY ELECTRONIC

IT IS CERTIFIED THAT THE SIGNATURES APPEARING BELOW ALSO APPEAR ON
THE COPY OF THIS AMENDMENT ATTACHED TO THE POLICY ISSUED WITH THE
POLICY NUMBER SHOWN BELOW.

TED AT _LOS ANGELES, CA_ THIS __15th__ DAY OF _June_ 20 _10_ .

GNATURE OF PROPOSED INSURED _Magda Vel_

GNATURE OF APPLICANT _____
F OTHER THAN PROPOSED INSURED)

FOR HOME OFFICE USE ONLY

LICY NUMBER 686834

RM NO. PI-1

EX. A
016



# LIFE INSURANCE POLICY

**Level Term Life Insurance With Premium Adjustment Provision**
- Proceeds Payable at Death of Insured Prior to Expiration Date
- Proceeds Payable in a Single Sum
- Premiums Payable During Lifetime of Insured or Until Date of Expiry
- Non-Renewable
- Convertible to the earlier of Age 65 or the Date of Expiration
- Non-Participating – No-Annual Dividend

If you have any questions concerning this policy or if anyone suggests that you change or replace this Policy, please contact your First Investors Life agent or the Company.

## First Investors Life

First Investors Life Insurance Company
110 Wall Street, New York, N.Y. 10005
(800) 832-7783

Form 512 (02/03)

EX. A
017

53

# Exhibit B

Electronically FILED by Superior Court of California, County of Los Angeles on 10/27/2022 05:55 PM Sherri R. Carter, Executive Officer/Clerk of Court, by G. Carini,Deputy Clerk

Case 2:22-cv-08932-ODW-MRW    Document 1    Filed 12/09/22    Page 56 of 111    Page ID
#:56
22STCV34543

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

|  | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FORESTERS LIFE INSURANCE AND ANNUITY COMPANY, a New York Corporation; and DOES
1 through 10, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MAGDA VELEZ, Individually, and on Behalf of the Class

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse<br><br>111 No. Hill St., Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>22STCV34543 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jack B. Winters, Jr., Sarah Ball, Winters & Associates, 8489 La Mesa Blvd., La Mesa, CA 91942 (Tel: 619.234.9000)

| DATE: 10/27/2022<br>*(Fecha)* | Clerk, by Sherri R. Carter Executive Officer / Clerk of Court, Deputy<br>*(Secretario)*     G. Carini     *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

# Exhibit C

Electronically FILED by Superior Court of California, County of Los Angeles on 11/14/2022 04:18 PM Sherri R. Carter, Executive Officer/Clerk of Court, by E. Chavez, Deputy Clerk    **POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| Jack B Winters Jr.  SBN 82998<br>Winters & Associates<br>8489 La Mesa Boulevard<br>La Mesa Ca 91942<br>TELEPHONE NO.: (619)234-9000   FAX NO. *(Optional):* (619) 750-0413<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):*  Plaintiff | |

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF**  Los Angeles | |
| STREET ADDRESS: 312 N Spring Street | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: Los Angeles Ca 90012 | |
| BRANCH NAME: Spring Street Courthouse | |

| PLAINTIFF/PETITIONER:  Magda Velez, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Foresters Life Insurance and Annuity Company | 22STCV34543 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Velez |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☒ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents):* First Amended General Order,Notice of Case Assignment Unlimited CivilCase,Voluntary efficient Litigation Stipulations, Notice
3. a. Party served *(specify name of party as shown on documents served):*
   Foresters Life Insurance and Annuity Company, a New York Corporation

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   Authorized to Accept Service ( Nicole Stauss)

4. Address where the party was served:
   2710 Gateway Oaks Drive Ste 150N
   Sacramento Ca 95833
5. I served the party *(check proper box)*
   a. ☒ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*  11-10-2022      (2) at *(time):* 2:34pm
   b. ☐ **by substituted service.** On *(date):*               at *(time):*              I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*               from *(city):*               **or** ☐ a declaration of mailing is attached.
      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**Page 1 of 2**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | CEB® Essential Forms<br>ceb.com | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|---|

| PLAINTIFF/PETITIONER: Velez<br>Foresters Life Insurance and<br>DEFENDANT/RESPONDENT: Annuity Company | CASE NUMBER<br>22STCV34543 |
|---|---|

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the
address shown in item 4, by first-class mail, postage prepaid,
   (1) on *(date)* :                                    (2)   from *(city)* :
   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed
        to me. *(Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)
   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐ **by other means** *(specify means of service and authorizing code section)* :

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify)* :
   c. ☐ as occupant.
   d. ☒ On behalf of *(specify)* : Foresters Life Insurance and Annuity Company
      under the following Code of Civil Procedure section:
      ☒ 416.10 (corporation)                          ☐ 415.95 (business organization, form unknown)
      ☐ 416.20 (defunct corporation)                  ☐ 416.60 (minor)
      ☐ 416.30 (joint stock company/association)      ☐ 416.70 (ward or conservatee)
      ☐ 416.40 (association or partnership)           ☐ 416.90 (authorized person)
      ☐ 416.50 (public entity)                        ☐ 415.46 (occupant)
                                                      ☐ other:

7. **Person who served papers**
   a. Name: Jade V Meyers
   b. Address: 1901 First Ave Ste 217-i San Diego Ca 92101
   c. Telephone number: (619) 233-1478
   d. **The fee** for service was: $
   e. I am:
      (1) ☐ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☒ registered California process server:
          (i)   ☐ owner    ☐ employee    ☒ independent contractor.
          (ii)  Registration No.: 2017-25
          (iii) County: Sacramento

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 11-10-2022

Jade V Meyers
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                     ▶                          (SIGNATURE)

CEB Essential
ceb.com Forms

Velez

58

# Exhibit D

Electronically FILED by Superior Court of California, County of Los Angeles on 10/28/2022 02:33 PM Sherri R. Carter, Executive Officer/Clerk of Court, by G. Carini,Deputy Clerk

Case 2:22-cv-08932-ODW-MRW    Document 34543    Filed 12/09/22    Page 61 of 111    Page ID #:61

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Jack B. Winters, Jr. (SBN 82998); Tel: (619) 234-9000; Fax (619) 750-0413<br>Winters & Associates, 8489 La Mesa Blvd., La Mesa, CA 91942<br><br>　TELEPHONE NO.: 619.234.9000　　　FAX NO. *(Optional):* 619.750-0413<br>　E-MAIL ADDRESS: jackbwinters@earthlink.net<br>ATTORNEY FOR *(Name):* Plaintiff MAGDA VELEZ, Individually, and on Behalf of the Class | FOR COURT USE ONLY |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES<br>　STREET ADDRESS: 111 No. Hill Street<br>　MAILING ADDRESS: 111 No. Hill Street<br>CITY AND ZIP CODE: Los Angeles, CA 90012<br>　BRANCH NAME: STANLEY MOSK COURTHOUSE |
| CASE NAME:<br>MAGDA VELEZ v. FORESTERS LIFE INSURANCE AND ANNUITY COMPANY, a NY Corporation |

| CIVIL CASE COVER SHEET<br>[x] Unlimited　　[ ] Limited<br>　(Amount　　　　(Amount<br>　demanded　　　demanded is<br>　exceeds $25,000)　$25,000 or less) | Complex Case Designation<br>[ ] Counter　　[ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>22STCV34543 |
|---|---|---|
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.　Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | 　condemnation (14) | 　above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | 　types (41) |
| [x] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2.　This case [x] is　[ ] is not　complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
　　factors requiring exceptional judicial management:
　　a. [ ] Large number of separately represented parties　　　d. [ ] Large number of witnesses
　　b. [ ] Extensive motion practice raising difficult or novel　　e. [ ] Coordination with related actions pending in one or more
　　　　issues that will be time-consuming to resolve　　　　　　courts in other counties, states, or countries, or in a federal
　　c. [x] Substantial amount of documentary evidence　　　　　court
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　f. [ ] Substantial postjudgment judicial supervision
3.　Remedies sought *(check all that apply):* a. [x] monetary　b. [x] nonmonetary; declaratory or injunctive relief　c. [ ] punitive
4.　Number of causes of action *(specify):* Two: Declaratory Relief or Judgment; and Unfair Competition
5.　This case [x] is　[ ] is not　a class action suit.
6.　If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: October 26, 2022

Jack B. Winters, Jr.　　　　　　　　　　　　　　　　　▶　/s/Jack B. Winters, Jr.
_____　　　　　　_____
　　　　　(TYPE OR PRINT NAME)　　　　　　　　　　　　　　　(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
　under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
　in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
　other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev.September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

---

CM-010 [Rev. September 1, 2021]                **CIVIL CASE COVER SHEET**                Page 2 of 2

| SHORT TITLE | CASE NUMBER |
|---|---|
| MAGDA VELEZ v. FORESTERS LIFE INS. AND ANNUITY CO., et al. | 22STCV34543 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court |
|---|

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| MAGDA VELEZ v. FORESTERS LIFE INS. AND ANNUITY CO., et al. | 22STCV34543 |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☑ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| MAGDA VELEZ v. FORESTERS LIFE INS. AND ANNUITY CO., et al. | 22STCV34543 |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>                      Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| MAGDA VELEZ v. FORESTERS LIFE INS. AND ANNUITY CO., et al. | 22STCV34543 |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation (Continued)** | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2003 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4304 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 10/22
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| MAGDA VELEZ v. FORESTERS LIFE INS. AND ANNUITY CO., et al. | 22STCV34543 |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS:<br>Stanley Mosk Courthouse<br>111 N. Hill St.<br>Los Angeles, CA 90012 | | |
|---|---|---|---|
| CITY:<br>Los Angeles | STATE:<br>Ca | ZIP CODE:<br>90012 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: __10/26/2022__                    ___/s/Jack B. Winters, Jr.___

(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (10/22).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 10/22
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

# Exhibit E

# Superior Court of California, County of Los Angeles

<div style="border:1px solid black; background:#e0e0e0; padding:10px;">

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

</div>

## What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

## Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

## Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

## Main Types of ADR

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

      **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

      **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

LASC CIV 271 Rev. 02/22
For Mandatory Use

Page 1 of 2

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a.   **The Civil Mediation Vendor Resource List**
     If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion**. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b.   **Los Angeles County Dispute Resolution Programs**
     https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

     Day of trial mediation programs have been paused until further notice.

     **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c.   Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

# Exhibit F

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 0 3 2019

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )   FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**   A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**   The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**   A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**   Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

1    d)  Documents in Related Cases

2        Documents in related cases must be electronically filed in the eFiling portal for that case type if

3        electronic filing has been implemented in that case type, regardless of whether the case has

4        been related to a Civil case.

5  3)  **EXEMPT LITIGANTS**

6    a)  Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt

7        from mandatory electronic filing requirements.

8    b)  Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of

9        Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused

10      from filing documents electronically and be permitted to file documents by conventional

11      means if the party shows undue hardship or significant prejudice.

12  4)  **EXEMPT FILINGS**

13    a)  The following documents shall not be filed electronically:

14        i)    Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of

15             Civil Procedure sections 170.6 or 170.3;

16        ii)   Bonds/Undertaking documents;

17        iii)  Trial and Evidentiary Hearing Exhibits

18        iv)  Any ex parte application that is filed concurrently with a new complaint including those

19             that will be handled by a Writs and Receivers department in the Mosk courthouse; and

20        v)   Documents submitted conditionally under seal. The actual motion or application shall be

21             electronically filed. A courtesy copy of the electronically filed motion or application to

22             submit documents conditionally under seal must be provided with the documents

23             submitted conditionally under seal.

24    b)  Lodgments

25        Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in

26  paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

27  //

28  //

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image**.**

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4).  Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked.  Examples include, but are not limited to, the following:

   i) Depositions;

   ii) Declarations;

   iii) Exhibits (including exhibits to declarations);

   iv) Transcripts (including excerpts within transcripts);

   v) Points and Authorities;

   vi) Citations; and

   vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

4

2019-GEN-014-00

h)  Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i)  Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j)  Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7)  ELECTRONIC FILING SCHEDULE

a)  Filed Date

i)  Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing.  Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.    (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii)  Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8)  EX PARTE APPLICATIONS

a)  Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

   a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

   b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

      i) Any printed document required pursuant to a Standing or General Order;

      ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

      iii) Pleadings and motions that include points and authorities;

      iv) Demurrers;

      v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

      vi) Motions for Summary Judgment/Adjudication; and

      vii) Motions to Compel Further Discovery.

   c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

   a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

   b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

1   11) SIGNATURES ON ELECTRONIC FILING

2       For purposes of this General Order, all electronic filings must be in compliance with California

3       Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4       Division of the Los Angeles County Superior Court.

5

6           This First Amended General Order supersedes any previous order related to electronic filing,

7       and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8       Supervising Judge and/or Presiding Judge.

9

10      DATED:  May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

# Exhibit G

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**



**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application.  These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

| TELEPHONE NO.: | FAX NO. (Optional): |
|---|---|
| E-MAIL ADDRESS (Optional): | |
| ATTORNEY FOR (Name): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1.  The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a.  Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b.  Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c.  Exchange of names and contact information of witnesses;

    d.  Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e.  Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f.  Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g.  Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
<div align="center">(INSERT DATE)                          (INSERT DATE)</div>
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

> _____
> (ATTORNEY FOR PLAINTIFF)

_____
(TYPE OR PRINT NAME)

Date:

> _____
> (ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date:

> _____
> (ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date:

> _____
> (ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date:

> _____
> (ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

Date:

> _____
> (ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

> _____
> (ATTORNEY FOR _____)

LACIV 229 (Rev 02/15)
LASC Approved 04/11

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

Page 2 of 2

Print    Save

Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

iii.    Be filed within two (2) court days of receipt of the Request; and

iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

➢ _____
(TYPE OR PRINT NAME)                     (ATTORNEY FOR PLAINTIFF)

Date:

➢ _____
(TYPE OR PRINT NAME)                     (ATTORNEY FOR DEFENDANT)

Date:

➢ _____
(TYPE OR PRINT NAME)                     (ATTORNEY FOR DEFENDANT)

Date:

➢ _____
(TYPE OR PRINT NAME)                     (ATTORNEY FOR DEFENDANT)

Date:

➢ _____
(TYPE OR PRINT NAME)                     (ATTORNEY FOR _____)

Date:

➢ _____
(TYPE OR PRINT NAME)                     (ATTORNEY FOR _____)

Date:

➢ _____
(TYPE OR PRINT NAME)                     (ATTORNEY FOR _____)

| Print | Save | | Clear |

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

---

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| Print | Save | | Clear |
|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine.  Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine.  In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions.  If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues.  For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference.  Each side's portion of the short joint statement of issues may not exceed three pages.  The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

## The following parties stipulate:

Date: _____

➤ _____
          (TYPE OR PRINT NAME)               (ATTORNEY FOR PLAINTIFF)

Date: _____

➤ _____
          (TYPE OR PRINT NAME)         (ATTORNEY FOR DEFENDANT)

Date: _____

➤ _____
          (TYPE OR PRINT NAME)         (ATTORNEY FOR DEFENDANT)

Date: _____

➤ _____
          (TYPE OR PRINT NAME)         (ATTORNEY FOR DEFENDANT)

Date: _____

➤ _____
          (TYPE OR PRINT NAME)     (ATTORNEY FOR _____)

Date: _____

➤ _____
          (TYPE OR PRINT NAME)     (ATTORNEY FOR _____)

Date: _____

➤ _____
          (TYPE OR PRINT NAME)     (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
                        JUDICIAL OFFICER

[ Print ]    [ Save ]                                                    [ Clear ]

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 11 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | ORDER PURSUANT TO CCP 1054(a),<br>EXTENDING TIME TO RESPOND BY<br>30 DAYS WHEN PARTIES AGREE<br>TO EARLY ORGANIZATIONAL<br>MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: _May 11, 2011_

_Carolyn B. Kuhl_, Supervising Judge of the Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

90

# Exhibit H

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>10/27/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ G. Carini _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>22STCV34543 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | William F. Highberger | 10 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 10/28/2022
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By G. Carini _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

92

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION

The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# Exhibit I

**WINTERS & ASSOCIATES**
Jack B. Winters, Jr. (SBN 82998)
Sarah Ball (SBN 292337)
8489 La Mesa Boulevard
La Mesa, California 91942
Tel: (619) 234-9000
Fax: (619) 750-0413
Email: jackbwinters@earthlink.net
Email: sball@einsurelaw.com

**NICHOLAS & TOMASEVIC, LLP**
Craig M. Nicholas (SBN 178444)
Alex Tomasevic (SBN 245598)
225 Broadway, 19th Floor
San Diego, California 92101
Tel: (619) 325-0492
Fax: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: atomasevic@nicholaslaw.org

Attorneys for Plaintiff
MAGDA VELEZ, Individually, and
on Behalf of the Class

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES, GENERAL UNLIMITED**

| | |
|---|---|
| MAGDA VELEZ, Individually, and on Behalf of the Class,<br><br>Plaintiff,<br><br>vs.<br><br>FORESTERS LIFE INSURANCE AND ANNUITY COMPANY, a New York Corporation; and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No.: 22STCV34543<br><br>PLAINTIFF MAGDA VELEZ' NOTICE OF APPEARANCE OF ATTORNEY SARAH BALL<br><br><br><br><br><br>Hon. William F. Highberger<br>Dept.: 10, Spring Street Courthouse<br>Action Filed: 10/27/22 |

1    TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

2        PLEASE TAKE NOTICE that, in addition to the other counsel already on

3    record, Plaintiff MAGDA VELEZ, Individually, and on Behalf of the Class, will

4    also be represented in this matter by:

5

6                    **Sarah Ball, Esq. (CA Bar 292337)**
                     **WINTERS & ASSOCIATES**
7                    **8489 La Mesa Blvd.**
                     **La Mesa, CA 91942**
8                    **Telephone (619) 234-9000**
                     **Facsimile (619) 750-0413**
9                    **Email: sball@einsurelaw.com**

10

11        Plaintiff respectfully requests that the foregoing counsel be added to all

12    service lists in this matter.

13    DATED:   November 15, 2022            **WINTERS & ASSOCIATES**

14

15                            By:   /s/Jack B. Winters, Jr.
16                                  Jack B. Winters, Jr., Esq.
                                    Sarah Ball, Esq.
17                                  jackbwinters@earthlink.net
                                    sball@einsurelaw.com
18
                                    **NICHOLAS & TOMASEVIC, LLP**
19                                  Craig M. Nicholas, Esq.
                                    Alex Tomasevic, Esq.
20                                  cnicholas@nicholaslaw.org
                                    atomasevic@nicholaslaw.org
21
                                    Attorneys for Plaintiff
22                                  MAGDA VELEZ, Individually,
                                    and on Behalf of the Class
23

24

25

26

27

28

# Exhibit J

**FILED**
Superior Court of California
County of Los Angeles

**11/18/2022**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ M. Mata _____ Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

|  |  |
|---|---|
| MAGDA VELEZ | ) Case No. 22STCV34543 |
|  | ) |
|  | ) INITIAL STATUS CONFERENCE ORDER |
| Plaintiff, | ) (COMPLEX CLASS ACTIONS) |
|  | ) |
| v. | ) Case Assigned for All Purposes to |
|  | ) Judge William F. Highberger |
|  | ) |
| FORESTERS LIFE INSURANCE AND | ) Department: SS10 |
| ANNUITY COMPANY | ) Date: February 23, 2023 |
|  | ) Time: 2:30 p.m. |
| Defendant. | ) |
|  | ) |

This Initial Status Conference Order (Complex Class Actions) supplements a Minute Order served concurrently herewith. That Minute Order sets a date and time for the Initial Status Conference and includes many other important provisions which are NOT repeated in this Order. Counsel must review that Minute Order carefully to be fully informed of your obligations and the unique processes used in the Los Angeles Superior Court Complex Courtrooms.

Note: Some provisions of this Order are in reference to wage-and-hour class actions and may not be applicable to other types of class actions. Insofar as they are irrelevant to your case, say so in your Joint Initial Status Conference Response Statement.

Pending further order, the following is ordered:

The court orders counsel to prepare for the Initial Status Conference ("ISC") by identifying and discussing the central legal and factual issues in the case. Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as much as possible, on a case management plan. To this end, counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not use the Judicial Council Form CM-110 (Case Management Statement).

1. **PARTIES AND COUNSEL:** Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

2. **STATUS OF PLEADINGS:** Please indicate whether defendant has filed a Notice of Appearance or an Answer to the Complaint, and, if so, indicate the filing date(s).

3. **POTENTIAL ADDITIONAL PARTIES:** Indicate whether any plaintiff presently intends to add additional class representatives, and, if so, the name(s) and date by which these class representatives will be added. Indicate whether any plaintiff presently intends to name additional defendants, and, if so, the name(s) and date by which the defendant(s) will be added. Indicate whether any appearing defendant presently intends to file a cross-complaint and, if so, the names of cross-defendants and the date by which the cross-complaint will be filed.

4. **IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong person or entity, please explain why the named defendant is improperly named and the proposed procedure to correct this error.

5. **ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party believes one or more named plaintiffs might not be an adequate class representative, including reasons of conflict of

2

interest as described in *Apple Computer v. Superior Court* (2005) 126 Cal.App.4th 1253, please explain. No prejudice will attach to these responses.

**6.   ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

**7.   OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the docket number, and the case status.

**8.   POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:** Please state whether arbitration is an issue in this case and attach a sample of any relevant clause of this sort.   Opposing parties must summarize their views on this issue.

**9.   POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel should identify and describe the significant core issues in the case, and then identify efficient ways to resolve those issues, including one or more of the following:

- ■   Motion to Compel Arbitration,
- ■   Early motions in limine,
- ■   Early motions about particular jury instructions and verdict forms,
- ■   Demurrers,
- ■   Motions to strike,
- ■   Motions for judgment on the pleadings, and
- ■   Motions for summary judgment and summary adjudication.

**10. CLASS CONTACT INFORMATION:** Counsel should discuss whether obtaining class contact information from defendant' s records is necessary in this case and, if so,  whether the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561). Counsel should address timing and procedure, including allocation of cost and the necessity of a third party administrator.

3

**11. PROTECTIVE ORDERS:**  Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**12. DISCOVERY:**  Please discuss a discovery plan.  If the parties cannot agree on a plan,   summarize each side's views on discovery.   The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits.  The court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) at the initial stage unless a persuasive showing establishes early need.  If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[1].

**13. INSURANCE COVERAGE:**  Please state if (1) there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

**14. ALTERNATIVE DISPUTE RESOLUTION:**  Please discuss ADR and state each party's position about it.  If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**15. TIMELINE FOR CASE MANAGEMENT:**  Please recommend dates and times for the following:

- The next status conference,
- A schedule for alternative dispute resolution, if it is relevant,
- A filing deadline for the motion for class certification, and
- Filing deadlines and descriptions for other anticipated non-discovery motions.

**16. REMINDER WHEN SEEKING TO DISMISS:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires court approval. . . .  Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration,

---

[1] See California Rule of Court, Rule 3.768.

direct or indirect, is being given for the dismissal and must describe the consideration in detail."[2] If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

**17. REMINDER WHEN SEEKING APPROVAL OF A SETTLEMENT:**

Plaintiff(s) must address the issue of any fee splitting agreement in their motion for preliminary approval and demonstrate compliance with California Rule of Court 3.769, and the Rules of Professional Conduct 2-200(a) as required by *Mark v. Spencer* (2008) 166 Cal.App. 4th 219.

**18. NOTICE OF THE ISC ORDER:**

Plaintiff's counsel shall serve this Initial Status Conference Order on all defense counsel, or if counsel is not known, on each defendant and file a Proof of Service with the court within seven (7) days of the date of this Order. If the Complaint has not been served as of the date of this Order, plaintiff(s) must serve the Complaint, along with a copy of this Order, within five (5) days of the date of this Order. Once served, each as yet non-appearing defendant shall file a Notice of Appearance (identifying counsel by name, firm name, address, email address, telephone number and fax number). The filing of a Notice of Appearance is without prejudice to (a) any jurisdictional, substantive or procedural challenge to the Complaint, (b) any affirmative defense, and (c) the filing of any cross-complaint in this action.

Dated: 11/18/2022

_William F. Highberger / Judge_
William F. Highberger
Judge of the Los Angeles Superior Court

---

[2] California Rule of Court, Rule 3.770(a)

5

# Exhibit K

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 10

**22STCV34543**                                               November 18, 2022
**MAGDA VELEZ,  vs FORESTERS LIFE INSURANCE AND**                    2:52 PM
**ANNUITY COMPANY**

Judge: Honorable William F. Highberger          CSR: None
Judicial Assistant: Maribel Mata                ERM: None
Courtroom Assistant: None                       Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order re: Complex Designation

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has assigned this case to this department for all purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 02/23/2023 at 02:30 PM in this department. At least ten (10) days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 10

**22STCV34543**                                                       November 18, 2022
**MAGDA VELEZ,  vs FORESTERS LIFE INSURANCE AND**                              2:52 PM
**ANNUITY COMPANY**

Judge: Honorable William F. Highberger          CSR: None
Judicial Assistant: Maribel Mata                ERM: None
Courtroom Assistant: None                       Deputy Sheriff: None

Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a Private Attorney General Act ("PAGA") claim.

For information on electronic filing in the Complex Courts, please refer to https://www.lacourt.org/division/efiling/efiling2.aspx#civil. See, in particular, the link therein for "Complex Civil efiling." Parties shall file all documents in conformity with the Presiding Judge's First Amended General Order of May 3, 2019, particularly including the provisions therein requiring Bookmarking with links to primary documents and citations; that Order is available on the Court's website at the link shown above.

For efficiency in communication with counsel, the complex program requires the parties in every new case to use an approved third-party cloud service that provides an electronic message board. In order to facilitate communication with counsel prior to the Initial Status Conference, the parties must sign-up with the e-service provider at least ten (10) court days in advance of the Initial Status Conference and advise the Court which provider was selected.

The court has implemented LACourtConnect to allow attorneys, self-represented litigants and parties to make audio or video appearances in Los Angeles County courtrooms. LACourtConnect technology provides a secure, safe and convenient way to attend hearings remotely. A key element of the Court's Access LACourt YOUR WAY program to provide services and access to justice, LACourtConnect is intended to enhance social distancing and change the traditional in-person courtroom appearance model. See https://my.lacourt.org/laccwelcome for more information.

This Complex Courtroom does not use Los Angeles Superior Court's Court Reservation ("CRS") portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the Courtroom Assistant at 213-310-70xx with the "xx" being the Department number, e.g. Dept. 1 is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own arrangements for any hearing where a transcript is desired.

If you believe a party or witness will need an interpreter, see the court's website for information on how to make such a request in a timely manner. https://www.lacourt.org/irud/UI/index.aspx

Minute Order                                                          Page 2 of 3

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 10

| | |
|---|---|
| **22STCV34543** | November 18, 2022 |
| **MAGDA VELEZ,  vs FORESTERS LIFE INSURANCE AND ANNUITY COMPANY** | 2:52 PM |

Judge: Honorable William F. Highberger          CSR: None
Judicial Assistant: Maribel Mata                ERM: None
Courtroom Assistant: None                       Deputy Sheriff: None

Counsel are directed to access the following link for further information on procedures in the
Complex litigation Program courtrooms: https://www.lacourt.org/division/civil/CI0042.aspx.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference
Order on all parties forthwith and file a Proof of Service in this department within seven (7) days
of service.

Certificate of Mailing is attached.

Minute Order                                                    Page 3 of 3

# Exhibit L

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**11/18/2022**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ M. Mata _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Magda Velez, | |
| DEFENDANT/RESPONDENT:<br>Foresters Life Insurance and Annuity Company | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>22STCV34543 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order re: Complex Designation) of 11/18/2022, Initial Status Conference Order  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Sarah D. Ball
Winters & Associates
8489 La Mesa Blvd
La Mesa, CA 91942

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: <u>11/18/2022</u>            By:  <u>M. Mata</u>
                                                      Deputy Clerk

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

*Velez, et al v. Foresters Life Ins. and Annuity Co.*

United States District Court, Central District of California

Case No.

At the time of service I was over 18 years of age and not a party to this action. I am employed by McDOWELL HETHERINGTON LLP. My business address is 1999 Harrison Street. Suite 2050, Oakland, CA 94612. My business telephone number is (510) 628-2145; my business fax number is (510) 628-2146. On this date I served the following document(s):

**DEFENDANT'S NOTICE OF REMOVAL OF ACTION BY DEFENDANT FORESTERS LIFE INSURANCE AND ANNUITY COMPANY**

on the person or persons listed below, through their respective attorneys of record in this action, by placing true copies thereof in sealed envelopes or packages addressed as shown below by the following means of service:

| | |
|---|---|
| Jack B. Winters, Jr. (SBN 82998)<br>Sarah D. Ball (SBN 292337)<br>**WINTERS & ASSOCIATES**<br>8489 La Mesa Boulevard<br>La Mesa, CA 91942-5335<br>Telephone: (619) 234-9000<br>Facsimile:  (619) 750-0413<br>Emails:     jackbwinters@earthlink.net<br>                    sball@einsurelaw.com | Attorneys for Plaintiff<br>MAGDA VELEZ, Individually, and on Behalf of the Class |
| Craig M. Nicholas (SBN 178444)<br>Alex M. Tomasevic (SBN 245598)<br>**NICHOLAS & TOMASEVIC, LLP**<br>225 Broadway, 19th Floor<br>San Diego, CA 92101-5047<br>Telephone: (619) 325-0492<br>Facsimile:  (619) 325-0496<br>Emails:     cnicholas@nicholaslaw.org<br>                    atomasevic@nicholaslaw.org | Attorneys for Plaintiff<br>MAGDA VELEZ, Individually, and on Behalf of the Class |

**Via Mail**

[X]   By enclosing a true and correct copy thereof in a sealed envelope and, following ordinary business practices, said envelope was placed for mailing and collection in the offices of McDowell Hetherington LLP in the appropriate place for mail collected for deposit with the United States Postal Service. I am readily familiar with the Firm's practice for collection and processing of correspondence/ documents for mailing with the United States Postal Service and that said

correspondence/documents are deposited with the United States Postal Service in the ordinary course of business on this same day.

**Via Electronic Service**

[X]    Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

EXECUTED on December 9, 2022 at Oakland, California.

_/s/ Kaitlyn H. Skinner_

Kaitlyn H. Skinner