UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAGDA VELEZ, Individual, and on Behalf of the Class,<br><br>　　Plaintiff,<br><br>　　v.<br><br>FORESTERS LIFE INSURANCE AND ANNUITY COMPANY, a New York Corporation; and DOES 1 through 10, Inclusive,<br><br>　　Defendants. | Case No. 2:22-cv-08932-ODW-MRWx<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Judge:  Otis D. Wright II<br><br>Magistrate Judge: Michael R. Wilner<br><br>☐ Check if submitted without material modifications to MRW form |

1.  **INTRODUCTION**

    1.1  **PURPOSE AND LIMITATIONS**

    Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information, including but not limited to personal and contact information regarding putative class members, for which special protection from public disclosure and from use for any purpose other than prosecuting this Action may be warranted.  The Parties in this action as well as putative class members and other third parties may be irreparably harmed if such private, confidential information, as defined below, is publicly disseminated.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that

will be applied when a Party seeks permission from the Court to file material under seal.

### 1.2   GOOD CAUSE STATEMENT

The Parties acknowledge that information disclosed or produced in discovery, regardless of its designation under this Order, may contain personally identifiable information or health information subject to the protections of, *inter alia*, the Health Insurance Portability and Accountability Act of 1996, the applicable requirements of the Standards for Privacy of Individually Identifiable Health Information and its implementing regulations issued by the U.S. Department of Health and Human Services (45 C.F.R. Parts 160-64; HIPAA Privacy Regulations), and California Civil Code §§ 56 *et seq.*, and 1798.82 *et seq.*, which protect the confidentiality of personally identifiable personal and health information.

This Action is also likely to involve trade secrets, insured individuals' medical data, customer and pricing lists, and other valuable research, development, commercial, financial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of discovery and trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and

that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2. DEFINITIONS

**2.1** **Action:** This pending federal lawsuit captioned *Magda Velez v. Foresters Life Insurance and Annuity Company*, Case No. 2:22-cv-08932-ODW-MRWx, pending in the United States District Court for the Central District of California.

**2.2** **Challenging Party:** A Party or Non-Party that challenges the designation of information or items under this Order.

**2.3** **"CONFIDENTIAL" Information or Items:** Information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in Good Cause Statement.

**2.4** **Counsel (without qualifier):** Outside Counsel of Record and House Counsel (as well as their support staff).

**2.5** **Designating Party:** A Party or Non-Party that designates information or items that it produces in disclosures or in response to discovery as "CONFIDENTIAL."

**2.6** **Disclosure or Discovery Material:** All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.  Discovery Material does not include documents, information, testimony, and/or transcripts available to the Parties outside of production in discovery in this Proceeding.

**2.7** **Expert:** A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

**2.8** **House Counsel:** Attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

**2.9** **Non-Party:** Any natural person, partnership, corporation, association, or

other legal entity not named as a Party to this Action.

**2.10  Outside Counsel of Record:**  Attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

**2.11  Party:**  Any Plaintiff or Defendant in this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**2.12  Parties:**  One or more Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**2.13  Producing Party:**  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

**2.14  Professional Vendors:**  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium and their employees and subcontractors.

**2.15  Protected Material:** Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

**2.16  Receiving Party:** A Party that receives Disclosure or Discovery Material from a Producing Party.

**3.0  SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the

time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and <u>under</u> no obligation of confidentiality to the Designating Party.  The Parties must meet and confer regarding the procedures for use of Protected Materials at trial and must move the Court for entry of an appropriate order.

4. **DURATION**

Even after final disposition of this Action, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. **DESIGNATING PROTECTED MATERIAL**

   5.1   **Exercise of Restraint and Care in Designating Material for Protection.** Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

   Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other Parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

**5.2** **Manner and Timing of Designations.** Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions or in other pretrial or trial proceedings, the Designating Party may either:

(1) Identify on the record, before the close of the deposition, all "CONFIDENTIAL" Testimony by specifying all specific questions or answers or portions of Testimony that quality as "CONFIDENTIAL"; or

(2) Designate on the record, before the close of the deposition, the entirety of the Testimony at the deposition as "CONFIDENTIAL" with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript.

(3) If no designation is asserted within 30 days following receipt of the deposition transcript, it will be presumed that no testimony is deemed "CONFIDENTIAL".

(4) In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "CONFIDENTIAL" Information may be separately bound by the court reporter, who must affix the top of each page the legend "CONFIDENTIAL" as instructed by the Designating Party.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**5.3** **Inadvertent Failures to Designate.** The inadvertent disclosure or production by any Party or Non-Party of any Discovery Material without a "CONFIDENTIAL" designation will be without prejudice to any claim that such item is confidential and the Producing Party or producing Non-Party will not be held to have waived any rights by such inadvertent production. In the event that any Disclosure or Discovery Material that is subject to a "CONFIDENTIAL" designation is inadvertently produced without such designation, the Party or Non-Party that inadvertently produced the document will give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Discovery Material

designated as "CONFIDENTIAL" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Discovery Material must promptly segregate and eliminate access to such materials and then, after notice, agreement by the Parties, or instruction by the Court, destroy the inadvertently produced Discovery Material and all copies thereof, or, at the expense of the Producing Party or producing Non-Party, return such together with all copies of such Discovery Material to Counsel for the Producing Party or counsel for the producing Non-Party (or the Non-Party if not represented by counsel), and thereafter retain only the designated version of such Discovery Material. If the Receiving Party chooses to destroy such inadvertently produced Discovery Material, the Receiving Party must notify the Producing Party or producing Non-Party in writing of such destruction within ten (10) days of receipt of the Inadvertent Production Notice. This provision is not intended to supplant governing law regarding the attorney-client or work product privileges.

  **5.4** This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Protected Materials designated by that Party.

**6.** **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

  **6.1** **Timing of Challenges.** Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

  **6.2** **Meet and Confer.** The Challenging Party will initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37 et seq.

  **6.3** The burden of persuasion in any such challenge proceeding will be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to

harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties will continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

    7.1  **Basic Principles.** A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Action, and not for any business or other purpose whatsoever. Such Protected Material may be disclosed only to the categories of person and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    7.2  **Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    (a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

    (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the

"Acknowledgement and agreement to Be Bound" (Exhibit A);

  (d) the Court and its personnel;

  (e) court reporters and their staff;

  (f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

  (h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the "Acknowledgement and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgement and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under the Stipulated Protective Order.

  (i) contractors and outside copying services who are working on this Proceeding and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  (j) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions; and

  (k) any other person or entity the Designating Party agrees to in writing.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

   (a) promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

   (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to the Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

   (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

 If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or ordered issued, unless the Party has obtained the Designated Party's permission. The Designating Party shall bear the burden and expense of seeking protection in the Court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.**  **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION**

  (a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order, and any such designation by a Non-Party will have the same force and effect, and create the same duties and obligations, as if made by one of the parties to this Stipulation. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

  (b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to

an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party will:

    (1)    promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    (2)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    (3)    make the information requested available for inspection by the Non-Party, if requested.

    (c)    If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10.** **<u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in wiring the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (b) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

12. **MISCELLANEOUS**

    12.1 **Right to Further Relief.**  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future, or may be construed to preclude any Party from asserting in good faith that certain "CONFIDENTIAL" Materials require additional protection.  The Parties must meet and confer in an attempt to agree upon the terms of such additional protection.

    12.2 **Right to Assert Other Objections.**  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    12.3 **Filing Protected Material.**  A Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the

1  Receiving Party may file the information in the public record unless otherwise instructed
2  by the Court.
3      **12.4**  Any Party to the Proceeding who has not executed the Stipulated Protective
4  Order as of the time it is presented to the Court for signature may thereafter become a party
5  to the Stipulated Protective Order by its Counsel's signing and dating a copy thereof and
6  filing the same with the Court, and serving copies of such signed and dated copy upon the
7  other parties to the Stipulated Protective Order.
8      **12.5**  After this Stipulated Protective Order has been signed by Counsel, it will be
9  presented to the Court for entry.  The parties agree to be bound by the terms of this
10 Stipulation with regard to any Protected Materials that were or are produced before the
11 Court signs this Stipulation and Protective Order.
12 **13.**  **FINAL DISPOSITION**
13     As used in this subdivision, "all Protected Material" includes all copies, abstracts,
14 compilations, summaries, and any other format reproducing or capturing any of the
15 Protected Material.  Upon written request served upon all Parties made within thirty (30)
16 days after the final disposition of the Proceeding (as defined in paragraph 4), the Parties
17 will have thirty (30) days to either (a) promptly return to each Designating Party all
18 Protected Material, (b) agree with the Designating Party upon appropriate methods and
19 certification of destruction or other disposition of such materials, or (c) as to any Protected
20 Materials not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order
21 regarding proper preservation of such Materials.  If no written request is made, the Parties
22 and their Counsel must continue to maintain any Materials consistent with the terms and
23 conditions of this Stipulation.  To the extent permitted by law, the Court will retain
24 continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c).
25 Notwithstanding this provision, Counsel are entitled to retain an archival copy of all
26 pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,
27 correspondence, deposition and trial exhibits, expert reports, attorney work product, and
28 consultant and expert work product, even if such materials contain Protected Material.  Any

such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Respectfully submitted,

Dated: July 21, 2023

**NICHOLAS & TOMASEVIC, LLP**

By: /s/ *Craig M. Nicholas*
Craig M. Nicholas
Alex Tomasevic
225 Broadway, 19th Floor
San Diego, California 92101
Tel: (619) 325-0492
Fax: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: atomasevic@nicholaslaw.org

Jack B. Winters, Jr.
Sarah Ball
**WINTERS & ASSOCIATES**
8489 La Mesa Boulevard,
La Mesa, California 91942
Tel: (619) 234-9000
Fax: (619) 750-0413
Email: jackbwinters@earthlink.net
Email: sball@einsurelaw.com

Attorneys for Plaintiff
MAGDA VELEZ

| | |
|---|---|
| Dated: July 21, 2023 | **McDOWELL HETHERINGTON LLP** |

By: */s/ Jarrett E. Ganer*
Thomas F.A. Hetherington*
Jarrett E. Ganer*
Renee T. Wilkerson*
1001 Fannin Street, Suite 2400
Houston, TX 77002
Telephone: 713.337.5580
Facsimile: 713.337.8850
Email: tom.hetherington@mhllp.com
 jarrett.ganer@mhllp.com
 renee.wilkerson@mhllp.com

*Admitted *Pro Hac Vice*

Colleen T. Flaherty No. 327563
1055 E. Colorado Boulevard, Suite 500
Pasadena, CA 91106
Telephone: 213.631.4059
Facsimile: 510.628.2146
Email: colleen.flaherty@mhllp.com

Attorneys for Defendant
FORESTERS LIFE INSURANCE
AND ANNUITY COMPANY

**PURSUANT TO STIPULATION, IT IS ORDERED.**

Dated: 7/21/2023

_____
Honorable Michael R. Wilner
United States Magistrate Judge

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ **[print or type full name]**, of _____ **[print or type full address]**, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action. I hereby appoint _____ **[print or type full name]** of _____ **[print or type full address and telephone number]** as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Stipulated Protective Order.

Signature: _____

Printed Name: _____

Date: _____

City and State Where Sworn and Signed: _____